NOT DESIGNATED FOR PUBLICATION

No. 113,694

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUDY A. HENSON,
*Appellant*,

v.

KENNETH W. TURNER,
*Appellee*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHALMERS, judge. Opinion filed June 17, 2016. Affirmed.

*Melinda G. Young*, of Bretz & Young, LLC, of Hutchinson, for appellant.

*Alan R. Pfaff* and *Nathan R. Elliott*, of Withers, Gough, Pike, Pfaff & Peterson, LLC, of Wichita, for appellee.


Before BRUNS, P.J., POWELL and GARDNER, JJ.


*Per Curiam*:  Judy A. Henson appeals the district court's order denying her motion for a new trial following a jury trial in this personal injury action. She asserts that the jury's award of $5,000 in medical expenses and noneconomic losses for the injuries she sustained in a motor vehicle accident is inadequate and contrary to the evidence. But Henson has failed to show from the record that the verdict was either inadequate or contrary to the evidence. Although Henson further contends that the district court should have granted her a new trial because the jury disregarded its instructions during

1

deliberations, she has failed to establish that the jury consciously ignored the instructions. Accordingly, we affirm the jury's verdict and the district court's posttrial rulings.

FACTS

On July 17, 2012, Henson filed a petition in Reno County District Court alleging that about 2 years earlier, Kenneth Turner had ran a red light while driving a vehicle and caused a collision with a vehicle she was driving. In addition, Henson alleged that she suffered past damages and would continue to suffer damages in the future as a result of the accident. In his answer, Turner admitted that the accident had occurred but denied that he was at fault or caused the damages claimed by Henson.

After Henson and Turner completed discovery, the district court entered a pretrial conference order on January 10, 2014. In the order, the district court stated that the following issues of fact should be resolved at trial: (1) whether Turner negligently operated his motor vehicle; (2) whether Turner caused a collision with Henson; (3) the nature and extent of Henson's damages; (4) the parties' comparative fault; (5) Henson's recoverable damages; and (6) whether Henson failed to mitigate her damages. Thereafter, on July 1, 2014, the parties filed their proposed jury instructions with the district court.

A 3-day jury trial commenced on July 8, 2014. Unfortunately, the record on appeal does not contain the transcript from the first 2 days of the jury trial. Rather, the record includes only a transcript from the third day of trial, which covered the jury-instruction conference, the reading of the instructions to the jury, the parties' closing arguments, and the jury's verdict. Thus, it is impossible to determine from the record on appeal what evidence was presented at trial.

We can glean from the record that the district court read the jury the following instructions in addition to several others:

2

"Instruction Number 2. You must consider and weigh only evidence which was admitted during the trial including exhibits, admissions, stipulations and witness testimony either in person or by deposition.

. . . .

"Instruction Number 5. You must decide whether the testimony of each witness is believable and what weight to give that testimony. In making these decisions you have a right to use your common knowledge and experience.

. . . .

"Instruction Number 13. You must decide this case by comparing the fault of the parties. In doing so you will need to know the meaning of the terms negligence and fault.

"Negligence is a lack of reasonable care. It is the failure of a person to do something that a reasonable person would do or it is doing something that a reasonable person would not do under the same circumstances. A party is at fault when he or she is negligent and that negligence caused or contributed to the event which brought about the claim for damages.

"I am required to reduce the amount of damages you may find for any party . . . by the percentage of fault, if any, that you find is attributable to the party. A party will be able to recover damages only if that party's fault is less than 50 percent of the total fault assigned. A party will not be able to recover damages, however, if that party's fault is 50 percent or more.

. . . .

"Instruction Number 16. When answering the questions on the verdict form you should keep the following things in mind. Fault. One, your first obligation as to determine if any party is at fault. Two, if you decide that any person is at fault you must then assign a percentage of fault to each party you find to be at fault. Three, for a person not at fault show zero percent on the verdict form. Four, if you find any person at fault, show 1 percent to 100 percent on the verdict form for that person. Five, if one or more persons are assigned fault the total of all faults must be 100 percent.

"Amount of damages. One, you are to determine the total amount of damages of each party claiming damages. Two, your percentage of damages must be made without regard to the percentage of fault you may have assigned to that party. Three, the court will make any reduction of the damages necessary for the assigned percentage of fault. You should not do so.

3

"You may assign fault to Kenneth Turner, Judy Henson. The person you may find received damages is Judy Henson."

In addition, the second page of the verdict form asked the jury to list damages as follows:

"3. Without considering the percentage of fault set forth in question 2, what damages do you find were sustained by the plaintiff, Judy Henson?

"A. Noneconomic loss to date    $_____
"B. Future noneconomic loss     $_____
"C. Medical expenses to date    $_____"

During deliberations, the jury submitted the following question to the district court: "With this being a 'No Fault State' where [*were*] the insurance companies in all this as far as medical insurance reimbursement?" In response, the parties agreed upon the following answer to be given by the district court: "You are not to consider the subject of insurance in arriving at your verdict." About 1 hour later, the jury submitted another question: "If the defendant is found to be 100 percent responsible would it affect the dollar percentage of monetary damages that we have agreed on? Would 80 percent mean he would only be responsible for 80 percent of found damages?" The parties agreed that the district court should simply respond: "Please refer to Instructions 13 and 16."

Shortly thereafter, the jury indicated that it had reached a verdict. After reconvening, however, the district court discovered that there was an amount awarded for economic damages but nothing for noneconomic damages. After conferring with both attorneys at the bench, the district judge explained to the jury, "[I]f you find economic loss[,] you must make a finding as to some amount of noneconomic loss under one. So I'm going to send you back to deliberate on that." Eight minutes later, the jury submitted a third question. Evidently referencing the verdict form, the jury asked: "Should

4

noneconomic loss be for both A [Noneconomic loss to date] and B [Future noneconomic loss] when medical expenses are found." The parties agreed that the district court should respond by stating, "Damages must be awarded for A. Damages for B is left for your determination."

Ultimately, the jury returned a verdict in favor of Henson. Specifically, the jury found that Turner was 90 percent at fault and Henson was 10 percent at fault. The jury awarded Henson $4,879.25 in medical expenses to date, $120.75 in noneconomic losses to date, and nothing for future noneconomic losses. Thus, the total award was $5,000.

On September 2, 2014, the district court entered an order of judgment memorializing the jury's verdict, and a few weeks later, Henson filed a timely motion for new trial. In her motion, she argued that the jury disregarded the district court's instructions and that the verdict was inadequate as well as contrary to the evidence presented at trial. In response, Turner argued that the verdict was consistent with the evidence and there was no reason to believe that the jury disregarded the district court's instructions. At a hearing on the motion held on March 6, 2015, the district court denied Henson's motion for a new trial, finding that the jury followed the law and the verdict was not the result of any passion or prejudice. The district court further found that the jury's questions were an indication of its efforts to comprehend the instructions rather than its intention to disregard them. Thereafter, Henson filed a timely notice of appeal.

ANALYSIS

Henson contends on appeal that the district court erred by not granting her motion for a new trial. Whether a district court grants a new trial under K.S.A. 2015 Supp. 60-259(a) is a matter of discretion. As such, we will not reverse a ruling on a motion for new trial unless there is a showing that the district court abused its discretion. *Miller v. Johnson*, 295 Kan. 636, 684-85, 289 P.3d 1098 (2012). A district court abuses its

5

discretion when its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

Before reaching the merits of Henson's claims, we will briefly review some long-standing rules of appellate review:

"1. The rule of this jurisdiction is that a presumption of validity attaches to a judgment of the district court until the contrary is shown and that before this court will set aside a judgment it must be affirmatively made to appear that such judgment is erroneous. [Citations omitted.]

"2. The burden is upon an appellant to designate a record sufficient to present its points to this court, and to establish the claimed error. [Citation omitted.]

"3. On appeal, error below is never presumed and the burden is on the appellant to make it affirmatively appear. [Citations omitted.]

"4. It is incumbent upon the appellant to include in the record on appeal any matter upon which [the appellant] wishes to base a claim of error. [Citations omitted.]

"5. *Where an appellant has failed to procure an official transcript* or abstract the testimony of record or reconstruct it in some accepted manner, *this court will not review any action of the trial court requiring an examination of the evidence*. [Citation omitted.]" (Emphasis added.) *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 602-03, 647 P.2d 1268 (1982).

The rules discussed in *Lygrisse* are particularly salient here. In her brief, Henson attempts to summarize the evidence admitted at trial, but she fails to cite to the record. See Supreme Court Rule 6.02(a)(4) (2015 Kan. Ct. R. Annot. 41) ("The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal."). Moreover, Henson neglected to explain this rather apparent problem in her initial brief or—since Turner raised the point in his brief—in a reply brief. Because Henson failed to provide a transcript of the first 2 days of the jury trial, it is impossible for us to determine whether the verdict was contrary to the

6

evidence. See *State v. Auch*, 39 Kan. App. 2d 512, 519, 185 P.3d 935 (2008); *McBride Electric, Inc. v. Putt's Tuff, Inc.*, 9 Kan. App. 2d 548, 550-52, 685 P.2d 316 (1984). Henson, therefore, cannot carry her burden to designate facts in the record to support her claims based on the evidence admitted at trial. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013); *Hajda v. University of Kansas Hosp. Auth.*, 51 Kan. App. 2d 761, 768-69, 356 P.3d 1 (2015), *rev. denied* 303 Kan. ___ (February 18, 2016).

Henson also asserts that the jury disregarded the district court's instructions. It is important to note that she does not challenge the contents of the jury instructions or the agreed-upon answers to the jury's questions. Nor does she challenge the manner in which the district court provided the answers to the jury. Instead, Henson asserts that we should find that the jury disregarded the instructions based on (1) the $120.75 award of noneconomic damages and (2) the fact that the jury asked three questions. More specifically, she argues that "[t]he repeated questions from the jury and the verdict itself shows [*sic*] that this jury failed to comprehend, or even read, the trial court's instructions" and "[h]ad the jury truly consider[ed] [Henson's] non-economic loss and the amount of money that would reasonably compensate her for her injuries and losses resulting from the wreck in question, the jury would not have simply rounded its verdict up to a whole number." We disagree.

K.S.A. 2015 Supp. 60-259(a)(1) sets forth the following exclusive list of grounds for which the district court may grant a new trial:

"(A) Abuse of discretion by the court, misconduct by the jury or an opposing party, accident or surprise that ordinary prudence could not have guarded against, or because the party was not afforded a reasonable opportunity to present its evidence and be heard on the merits of the case;

"(B) erroneous rulings or instructions by the court;

7

"(C) the verdict, report or decision was given under the influence of passion or prejudice;

"(D) the verdict, report or decision is in whole or in part contrary to the evidence;

"(E) newly discovered evidence that is material for the moving party which it could not, with reasonable diligence, have discovered and produced at the trial; or

"(F) the verdict, report or decision was procured by corruption of the party obtaining it, and in this case, the new trial must be granted as a matter of right, and all costs incurred up to the time of granting the new trial must be charged to the party obtaining the verdict, report or decision."

See *Sterba v. Jay*, 249 Kan. 270, 274, 816 P.2d 379 (1991).

Henson does not specify which of these grounds justifies a new trial. Based on her assertions, however, the only grounds Henson could be claiming are that there was some sort of misconduct by the jury that the verdict was given under the influence of passion or prejudice, or—as she has alleged—that the verdict was contrary to the evidence. See K.S.A. 2015 Supp. 60-259(a)(1)(A), (C), (D). Evidently, the district court interpreted her arguments in the same manner because it found that there was not "any passion or prejudice" or failure to follow the law.

In general, courts presume that a jury properly calculated damages and will set aside a verdict as contrary to the law only when, under the evidence given, the verdict is contrary to the jury instructions. *City of Mission Hills v. Sexton*, 284 Kan. 414, 421-22, 160 P.3d 812 (2007). To overcome this presumption, the party challenging the verdict must provide more than mere allegations. Instead, he or she must present evidence that "'the jury consciously conspired to undermine the jury process by ignoring the instructions.'" 284 Kan. at 422 (quoting *City of Ottawa v. Heathman*, 236 Kan. 417, 426, 690 P.2d 1375 [1984]). Moreover, juror misconduct is not grounds for a new trial unless the party claiming error shows that the misconduct substantially prejudiced a party's rights. *Duncan v. West Wichita Family Physicians*, 43 Kan. App. 2d 111, 114, 221 P.3d

8

630 (2010), *rev. denied* 291 Kan. 910 (2011); *Butler v. HCA Health Svcs. of Kansas, Inc.*, 27 Kan. App. 2d 403, 408, 6 P.3d 871, *rev. denied* 268 Kan. 885 (1999).

Here, Henson only makes bare allegations that the jury must have disregarded the instructions. Her first point that the jury did not "truly consider [her] non-economic loss and the amount of money that would reasonably compensate her for her injuries" is necessarily based on the testimony and evidence admitted at trial. As previously stated, Henson has not included the transcript of the evidence presented at trial, much less shown how the jury ignored the evidence or the instructions given by the district court. Thus, we lack a sufficient record to make such a judgment. See *McBride Electric, Inc.*, 9 Kan. App. 2d at 551-52.

Henson also claims that the jury must have ignored the instructions because of the questions it asked. The district court, however, believed that the jury's questions evidenced a desire to better understand the instructions rather than a desire to ignore them. We find this analysis to be reasonable. Furthermore, Henson's point is an invitation to speculate about the jury's deliberations or speculate about its mental processes, which is not the proper function of this court. See *State v. King*, 297 Kan. 955, 969, 305 P.3d 641 (2013).

A review of the limited record we have been provided on appeal reveals that the jury's questions did not reflect a disregard of the jury instructions. As the district court noted in its decision to deny a new trial, Henson's attorney "spent a great deal of time" during voir dire talking to the panel of potential jurors about insurance. See K.S.A. 60-454; *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 629, 244 P.3d 642 (2010) (stating that Kansas has a "long-standing position that insurance should not be interjected in a trial"). As such, it is not surprising that the jury may have had a question about the role of insurance during deliberations. Moreover, the parties agreed to have the district court properly respond to the insurance question by telling the jurors not to consider

insurance in reaching their decision. See *Unruh v. Purina Mills*, 289 Kan. 1185, 1198-99, 221 P.3d 1130 (2009). Therefore, we do not find that Henson has shown an intent on the part of the jury to contravene the instructions.

In summary, the district court appropriately instructed the jury to decide the case based on the evidence presented at trial, and we presume that the jurors follow this instruction. *State v. Sisson*, 302 Kan. 123, 131, 351 P.3d 1235 (2015); *City of Mission Hills*, 284 Kan. at 438. Furthermore, we find that the sparse record on appeal precludes Henson from establishing that the jury undermined the jury process by consciously ignoring the instructions given by the district court. By the same token, Henson has failed to establish that there was any juror misconduct—much less any misconduct that substantially prejudiced her rights. We, therefore, conclude that the district court did not abuse its discretion in denying Henson's motion for a new trial.

Affirmed.