IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 106,580

STATE OF KANSAS,
*Appellee*,

v.

CORNELIUS SISSON,
*Appellant.*

SYLLABUS BY THE COURT

1.

The decision by a district court of how to word its response to a jury's request for additional information during deliberations is reviewed for abuse of discretion.

2.

Proof of possession of any amount of a controlled substance suffices to sustain a conviction even if the amount is not measurable or useable.

3.

A party asserting that prejudicial error has occurred has the burden of designating a record that affirmatively shows the error.

4.

It is the role of the jury to determine the facts in a manner independent of the court and to apply the law to those facts in reaching its decision.

5.

When reviewing jury instructions, an appellate court considers all the instructions together as a whole and does not isolate any one instruction. One phrase in a jury instruction does not warrant reversal when instructions as a whole properly state the law, and one instruction cannot be isolated from other instructions.

6.

It is presumed on appeal that jurors follow the instructions that they receive from the district court.

Review of the judgment of the Court of Appeals in an unpublished opinion filed April 12, 2013. Appeal from Saline District Court; JEROME P. HELLMER, judge. Opinion filed June 12, 2015. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Randall L. Hodgkinson*, of the Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Kassie L. McEntire*, assistant county attorney, argued the cause, and *Jeffery Ebel*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Cornelius Sisson appeals from his conviction of charges relating to attempting to elude law enforcement officers and possessing drugs and paraphernalia.

On the early morning of December 4, 2010, Officer Matthew Gawith of the Salina Police Department observed a driver make a right turn without activating the car's turn signal. Gawith started to follow the car and tried to induce the driver to pull over to a

stop, first by turning on his emergency lights, and then by sounding an air horn. Instead of pulling over, the driver accelerated, driving as fast as 50 miles per hour in a posted 30-mile-per-hour zone. The driver also veered across lanes and made multiple turns without signaling. Officer Aaron Carswell joined the pursuit in a separate police car.

The vehicle eventually came to a stop by the side of the road. When Sisson, who was driving, got out of the car, the officers handcuffed and searched him. After several pat-downs, Officer Carswell eventually found in Sisson's right front pocket an electronic scale and a baggie containing a vegetable material that was later proved to be marijuana.

Another officer went to the scene of the arrest, and, after seeing that the situation was under control, drove back from the site. Along the way, she found in the middle of the road nine baggies containing marijuana and one baggie containing cocaine powder. The bags were knotted in a manner similar to the baggie found in Sisson's pocket.

On questioning at the police station, Sisson informed an officer that he had purchased the marijuana found in his pocket earlier that day and had intended to start using it just before the police pursuit began. He went on to explain that the scale was for kitchen use in ordinary cooking.

The case proceeded to trial, and a jury ultimately found Sisson guilty of possession of marijuana, possession of drug paraphernalia, possession of cocaine, and fleeing and eluding a police officer while committing five or more moving violations. The jury found him not guilty of possession of marijuana with intent to sell, deliver, or distribute; not guilty of possession of marijuana without tax stamps; and not guilty of possession of cocaine without tax stamps. The Court of Appeals affirmed his conviction, and this court granted review with respect to all issues. See *State v. Sisson*, No. 106,580, 2013 WL 1688933 (Kan. App. 2013) (unpublished opinion).

3

The first issue that Sisson presents on appeal is the accuracy and sufficiency of the answer that the court provided to a question from the jury.

During deliberations, the jury sent a written question to the court:

"Re: possession of cocaine

"Are we considering cocaine residue on scale as an amount sufficient to allow state to prosicute [*sic*] for possession?"

The court conferred in chambers with counsel for both parties and Sisson. The parties understood the question to mean that the jury was unsure whether it could convict for possession based on the residue on the scale or on the cocaine found in the baggie on the street. Counsel for Sisson argued that a conviction could only be predicated on the baggie because the residue was insufficient in quantity to support the charge of failure to provide a tax stamp. The State argued, and the court agreed, that *State v. Schoonover*, 281 Kan. 453, 468, 133 P.3d 48 (2006), required a unanimous finding of guilt under one theory or the other. The court then provided the jury with a written response: "You must find unanimously as to which item they believe to be cocaine."

On appeal, Sisson reiterates the argument that the answer was inaccurate, because the State only intended to charge him with the cocaine that was found on the street.

The decision by a district court to respond to a jury's request for additional information during deliberations is reviewed for abuse of discretion. *State v. King*, 297 Kan. 955, 976, 305 P.3d 641 (2013); *State v. Murdock*, 286 Kan. 661, 680, 187 P.3d 1267 (2008). A district court abuses its discretion when it is guided by an erroneous conclusion

4

of law. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Sisson argues that, because the jury acquitted him of possession of cocaine without a tax stamp, it necessarily must have limited the basis of its conviction to the residue found on the scale. He then argues that this residual possession was never charged.

The amended complaint charged one count of possession of cocaine:

"That on or about the 4th day of December, 2010, in Saline County, Kansas, Cornelius Lee Sisson, then and there being present, did unlawfully, feloniously, and intentionally possess or have under such person's control a controlled substance to-wit:  Cocaine."

The State also charged Sisson with one count of possessing more than 1 gram of cocaine without a tax stamp.

The instruction to the jury on possessing cocaine read:

"The defendant is charged with the crime of unlawfully possessing cocaine. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved:

"1. That the defendant intentionally possessed cocaine; and

"2. That this act occurred on or about the 4th day of December, 2010, in Saline County, Kansas.

"Possession means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

The complaint did not specify which cocaine Sisson was alleged to possess—the cocaine residue on the scale or the cocaine in the baggie on the road. Evidence supporting either theory was presented to the jury, although the jury apparently elected to exonerate Sisson of possessing the cocaine in the baggie. Proof of possession of any amount of a controlled substance suffices to sustain a conviction even if the amount is not measurable or useable. *State v. Berry*, 223 Kan. 102, Syl. ¶ 2, 573 P.2d 584 (1977).

While Sisson argues that the State did not intend to convict him of possessing cocaine residue found on the scale, the charging documents did not distinguish between the cocaine found on the road and the cocaine found on the scale in Sisson's pocket. The evidence that the State presented to the jury supported both theories of possession, and the instructions that the court gave to the jury allowed a conviction under either theory. Following the answer to the jury's question, the jury understood that it had to be unanimous in choosing a theory of which cocaine Sisson possessed in order to sustain a conviction.

Sisson also argues that the court's reply to the question was nonresponsive. The jury asked whether the residue was sufficient to support a prosecution for possession. The court replied that the jury had to be unanimous in deciding which item it believed to be cocaine. The jury already had before it instructions defining possession.

The alternative theories of possession that the evidence supported invokes a multiple-acts analysis. In such an instance, the State must inform the jury upon which act to rely, or the district court must instruct the jury to agree on the specific act for each charge. *State v. De La Torre*, 300 Kan. 591, 596, 331 P.3d 815, *cert. denied* 135 S. Ct. 728 (2014). Although the original instruction did not direct the jury to make its choice unanimously, the answer to the jury's question informed the jury that it would have to find guilt unanimously based on one cocaine location or the other.

6

It is evident that the jury based its conviction on the residue. The court instructed the jury that it had to be unanimous in rendering such a conviction. There was nothing improper about the conviction, and the instructions, read together with the answer to the jury's question, were enough for the jury to understand the foundation for a conviction. The court's answer sufficed to allow the jury to fulfill its function as a factfinder.

Sisson next contends that his defense was prejudiced by the State's failure to disclose in advance of the trial the existence of a videotape of vehicle pursuit.

During the State's direct examination of the officer who made the initial stop, the State sought to introduce as an exhibit the on-board camera videotaped recording of the pursuit. Sisson's counsel objected, stating that he had never been provided a copy of that video, had never had a chance to review it, and had no idea what the video contained. The prosecution responded that the video had been available to the defense the entire time. Sisson's counsel then stated that he had sent a letter to the prosecution formally requesting discovery. It was noted that there was no discovery order, and the court admitted the exhibit with the provision that defense counsel have the opportunity to review it.

Sisson argues that the State violated K.S.A. 22-3212 by failing to provide the requested materials before trial. Unfortunately, the record is not sufficiently complete for this court to determine whether the State actually withheld the videotape or obstructed efforts by Sisson's counsel to obtain it. Although Sisson's counsel asserted at trial that he had sent a letter requesting discovery, the letter is not included in the record on appeal. It is unknown what materials counsel requested or what steps he wanted the State to take to make evidence available, and it is unknown whether counsel specifically requested the videotape, the existence of which was brought up at the preliminary hearing. The State

7

responded to Sisson's objection to introducing the tape at trial by explaining that the tape was available to the defense during the entire pendency of the trial.

A party asserting that prejudicial error has occurred has the burden of designating a record that affirmatively shows the error. *State v. McCullough*, 293 Kan. 970, 999, 270 P.3d 1142 (2012). In the absence of a record that this court can review, we are unable to conclude that the State violated its affirmative duty to make evidence available to the defense.

Sisson's counsel emphasized during cross-examinations and during closing argument that the videotape did not show any objects being thrown from Sisson's vehicle. It appears that the jury was persuaded by the defense argument based on the videotape. For that reason, we do not detect any prejudice to the defense in its lack of advance viewing of the tape:  it used the tape to its advantage, and it succeeded. To be sure, the tape also supported the State's case for fleeing and eluding a police officer, but there was nothing exculpatory in the tape with respect to that charge:  the tape showed Sisson continuing to drive for some minutes after the officer provided audio and visual cues for him to pull over.

Both because Sisson does not demonstrate that the State breached its affirmative duty to make the tape available in advance of trial and because of the lack of demonstrable prejudice, we conclude that the district court did not abuse its discretion by allowing the State to introduce the evidence. The tape merely corroborated the testimony of police officers that Sisson was committing traffic violations as he drove away from pursuing police cars and helped defeat the assertion that the drugs on the street belonged to Sisson.

Sisson finally complains that an instruction on drug paraphernalia improperly invaded the province of the jury by directing the jury to find that the scale necessarily constitutes illegal paraphernalia.

Sisson did not object to the proposed instructions. The standard of review is therefore based on clear error. See *State v. Smith-Parker*, 301 Kan. 132, 163, 340 P.3d 485 (2014); K.S.A. 22-3414(3).

When determining whether an instruction was clearly erroneous, the appellate court first determines whether there was any error at all. In making that determination, the appellate court must consider whether the subject instruction was legally and factually appropriate, employing an unlimited review of the entire record. If the appellate court determines that the district court erred in giving a challenged instruction, then the analysis moves to a reversibility inquiry, wherein the court assesses whether it is firmly convinced that the jury would have reached a different verdict had the instruction error not occurred. The party claiming a clearly erroneous instruction maintains the burden of establishing the degree of prejudice necessary for reversal. *State v. Williams*, 295 Kan. 506, Syl. ¶¶ 4, 5, 286 P.3d 195 (2012).

Jury Instruction No. 11 reads:

> "'Drug paraphernalia' means all equipment, and materials of any kind which are used or primarily intended or designed for use in preparing, packaging, repackaging a controlled substance.
> "'Drug paraphernalia' includes:
> (1) scales."

The instruction closely tracks both K.S.A. 2014 Supp. 21-5701(f)(5), which includes scales in the definition of paraphernalia, and PIK Crim. 4th 57.180. Sisson

contends on appeal that this instruction is clearly erroneous, because it required the jury to find that scales are paraphernalia.

Sisson grounds his argument that the instruction improperly intrudes on the province of the jury on *State v. Brice*, 276 Kan. 758, 80 P.3d 1113 (2003). In *Brice*, the district court instructed the jury that "a through and through bullet wound" constitutes great bodily harm for purposes of aggravated battery. This court stated:

> "Here . . . the trial judge went beyond tailoring a definition to the evidence. He instructed the jury that the evidence, a through and through bullet wound, and an essential element of the offense, great bodily harm, were synonymous. In other words, the trial judge told the jury that the State's evidence established the element of great bodily harm. Such an instruction invades the province of the jury as the factfinder and violated Brice's Fifth and Sixth Amendment rights to have the jury determine his guilt or innocence." 276 Kan. at 772.

It is the role of the jury to determine the facts in a manner independent of the court and to apply the law to those facts in reaching its decision. *State v. Stieben*, 292 Kan. 533, 537, 256 P.3d 796 (2011). Judges invade the province of the jury when, instead of simply instructing the jury on the law, they apply the law to the facts as they have determined the facts to be. *State v. Rodriguez*, 295 Kan. 1146, 1155, 289 P.3d 85 (2012). Such a judicial determination of facts is "'tantamount to a directed verdict for the prosecution, a result that is condemned by the Constitution.'" *Brice*, 276 Kan. at 770 (quoting *United States v. Mentz*, 840 F.2d 315, 320 [6th Cir. 1988]). "[I]t is not competent for the court, in a criminal case, to instruct the jury peremptorily to find the accused guilty of the offense charged, or of any criminal offense less than that charged." *Sparf v. United States*, 156 U.S. 51, 105, 15 S. Ct. 273, 39 L. Ed. 343 (1895).

Instruction No. 11 informed the jury that scales are to be considered drug paraphernalia as a matter of law, and, read in isolation from other instructions, may have suggested that the only matter for the jury was to determine whether Sisson possessed the items.

Instruction No. 11 was not, however, the only instruction given to the jury on the subject of paraphernalia. As this court noted in *Brice*,

> "In reviewing jury instructions, an appellate court is required to consider all the instructions together, read as a whole, and not to isolate any one instruction. If the instructions properly and fairly state the law as applied to the facts of the case and a jury could not reasonably have been misled by them, the instructions do not constitute reversible error even if they are in some way erroneous." 276 Kan. at 761.

See also *Sweaney v. United Loan & Finance Co.*, 205 Kan. 66, 71, 468 P.2d 124 (1970) (one phrase in a jury instruction does not warrant reversal when instructions as a whole properly state the law); *Riddle v. State Highway Commission*, 184 Kan. 603, 638, 339 P.2d 301 (1959) (one instruction cannot be isolated from other instructions but must be read together will all instructions); *State v. Johnson*, 92 Kan. 441, 449-50, 140 P. 839 (1914); *State v. Bohan*, 19 Kan. 28, 55-56 (1877) (instructions to be considered as a whole and if not erroneous when so construed, no single one of them is erroneous).

This court has long held that appellate courts presume that juries follow the instructions given by district courts. See, *e.g.*, *State v. Holt*, 300 Kan. 985, 1005, 336 P.3d 312 (2014); *Smith v. Ice and Delivery Co.*, 117 Kan. 485, 489-90, 232 P. 603 (1925) (presume that jury does not read one instruction as doing away with other instructions); *Townsend v. City of Paola*, 41 Kan. 591, 595, 21 P. 596 (1889).

Jury Instruction No. 9 reads in relevant part:

"The defendant is charged with the crime of unlawfully possessed [*sic*] with intent to use drug paraphernalia. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved:

"1. That the defendant intentionally possessed with the intent to use scales as drug paraphernalia to distribute cocaine; and

"2. That this act occurred on or about the 4th day of December, 2010, in Saline County, Kansas.

"'Distribute' means the actual, constructive or attempted transfer of some item from one person to another, whether or not there is an agency relationship between them.

"'Distribute' includes sale, offer for sale or any act that causes some item to be transferred from one person to another.

"'Distribute' does not include acts of administering, dispensing or prescribing a controlled substance as authorized by law.

"'Possession' means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

Jury Instruction No. 10 reads:

"In determining whether an object is drug paraphernalia, you shall consider, in addition to all other logically relevant factors, the following:

"Statements by an owner of the object concerning its use.

"The proximity of the object, in time and space, to a direct commission of a drug crime.

"The proximity of the object to controlled substances.

"The existence of any residue of controlled substances on the object."

Both instructions 9 and 10 informed the jury that it had to find that the defendant was using the scale as an accessory to illegal drug distribution. In the context of those

12

instructions, Instruction No.11 simply defined which objects the State was including in its accusation of possessing drug paraphernalia. Even that instruction specified that the items must be "used or primarily intended or designed for use in preparing, packaging, repackaging a controlled substance." Reading the instructions as a whole, they informed the jury that it had to do more than simply find that Sisson was the possessor of scales; it had to find that he was using or intended to use the scale as paraphernalia for use in distributing controlled substances.

The instructions given in the present case track the statutory language and accurately state the law. We see no error in the wording of the instructions, and we therefore conclude that the district court did not commit error. To hold otherwise would invite dissection of instructions to find portions that, when read in isolation, misstate the law. We credit juries with an ability to understand words in context.

The opinion of the Court of Appeals affirming Sisson's conviction is affirmed. The judgment of the district court is affirmed.

\* \* \*

BILES, J., concurring:  I agree with the reasoning and conclusions of the majority with respect to the first two issues that Sisson raises on appeal. I disagree with the majority's analysis of the paraphernalia instruction issue, although I concur with the result.

The United States Supreme Court has disapproved of the use of mandatory conclusive presumptions because they conflict with the presumption of innocence to which an accused is entitled and because they invade the factfinding function that the law

13

assigns solely to the jury in a criminal case. *Carella v. California*, 491 U.S. 263, 268, 109 S. Ct. 2419, 105 L. Ed. 2d 218, *reh. denied* 492 U.S. 937 (1989).

The *Carella* Court stated that the key issue is whether a presumption set out in a jury instruction is mandatory, "that is, whether the specific instruction, both alone and in the context of the overall charge, could have been understood by reasonable jurors to require them to find the presumed fact if the State proves certain predicate facts." 491 U.S. at 265.

The instruction in the present case informed the jury that illegal drug paraphernalia includes scales. A conscientious jury would reasonably conclude that it must find Sisson guilty because the essential element of the crime was satisfied by proving that he had scales in his possession. I, therefore, would hold that the instruction as given was erroneous.

The analysis does not end here, however. The court must next decide whether the jury would have reached a different verdict had the instruction error not occurred. See *State v. Williams*, 295 Kan. 506, Syl. ¶ 5, 286 P.3d 195 (2012); see also *Rose v. Clark*, 478 U.S. 570, 580-81, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986) (erroneous directory charge in jury instruction subject to harmless error analysis; predicate facts often conclusively establish intent so that rational jury would find every fact necessary to establish every element of offense beyond reasonable doubt).

Residue from the scale was tested and was confirmed to be cocaine. Sisson was carrying the scale in the same pocket in which he kept a bag of marijuana. His explanation that the scale was used for measuring cooking spices was not corroborated by any other witness or by lab results. The jury had before it compelling evidence that the

object was used for illegal purposes, and it is unlikely that any further clarifying language would have resulted in a different verdict.

I would disapprove of the PIK language but conclude that the error in using it was not reversible.

BEIER and JOHNSON, JJ., join the foregoing concurring opinion.