NOT DESIGNATED FOR PUBLICATION

No. 116,143

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES LYLE CLARK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cowley District Court; JAMES T. PRINGLE, JR., judge. Opinion filed December 16, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  James L. Clark appeals the district court's denial of his motion for modification of jail credit. We granted Clark's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and does not object to summary disposition.

On January 31, 2015, Clark pled guilty to one count of possession of methamphetamine in 14CR618. On February 19, 2015, the district court sentenced Clark to 40 months' imprisonment but granted probation for 18 months with mandatory drug treatment.

On July 2, 2015, the district court revoked Clark's probation based on his commission of new crimes. The district court ordered Clark to serve his original sentence and awarded him 24 days of jail credit. Clark subsequently asked the district court to award additional jail credit. The district court denied Clark's request, finding that the additional time Clark was requesting was credited to his other pending cases. Clark timely appealed.

On appeal, Clark argues that the district court "erred when it denied his request for modification of jail credit." Specifically, Clark argues that the entire time period from his arrest to sentencing should be credited to his sentence in 14CR618.

Under Kansas law, when a defendant is sentenced to confinement, the court is required to designate a date that the sentence begins to run in order to "be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2015 Supp. 21-6615(a). A defendant sentenced to incarceration must be given credit for all time spent in custody "solely on the charge for which he is being sentenced." *State v. Calderon*, 233 Kan. 87, 97, 661 P.2d 781 (1983).

As the district court explained in denying Clark's request for additional jail credit, the court awarded Clark credit for the 24 days he was in custody solely on the drug charge in 14CR618. The additional jail credit that Clark was requesting was for time that he also was incarcerated in 13CR648 and 13CR651. The district court indicated that the additional time Clark was requesting was credited to his other pending cases.

Clark has failed to provide the records in 13CR648 and 13CR651 in order to confirm or disprove the district court's finding that he was properly awarded jail credit in those cases. The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the district court was proper. *State v. Sisson*, 302 Kan. 123, 128,

351 P.3d 1235 (2015). Based on the record submitted for our review, Clark has failed to establish that the district court erred in denying his request for modification of jail credit.

Affirmed.