NOT DESIGNATED FOR PUBLICATION

No. 116,367

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN KEITH KINNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; GARY R. HOUSE, judge. Opinion filed November 3, 2017. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE, J., and LORI A. BOLTON FLEMING, District Judge, assigned.

PER CURIAM: Brian Keith Kinney appeals from the denial of his presentence motion to withdraw his plea. Kinney argues that his plea was not understandingly made because he entered it without having enough time to think it over while also being overwhelmed. However, Kinney has failed to meet his burden of designating a record establishing prejudicial error as he has not included his plea hearing transcript in the record on appeal. Nevertheless, the district court properly considered whether good cause existed to withdraw the plea. Furthermore, Kinney's underlying argument requires us to reweigh the district court's credibility determination against him in violation of this

1

court's long-standing rule to the contrary. Accordingly, we affirm the district court's denial of Kinney's motion to withdraw his plea.

FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2014, the State charged Kinney with one count each of burglary, theft, criminal damage to property, interference with a law enforcement officer, and aggravated assault of a law enforcement officer.

On May 7, 2015, Kinney and the State entered into a plea agreement. Under the terms of the plea agreement, Kinney was required to plead no contest to the crimes as charged, with the exception of the aggravated assault of a law enforcement officer charge. In exchange for Kinney's no contest pleas, the State agreed to amend the charge to attempted aggravated assault of a law enforcement officer. Kinney entered his no contest pleas the same day he signed the plea agreement.

Before sentencing, Kinney moved to withdraw his plea, arguing that his plea was not understandingly made because he did not have enough time to consider the plea agreement. He asserted that, for this reason, he "did not fully understand the application of the special rule with regards to sentencing or other consequences relating to the plea." The district court appointed Kinney new counsel and ordered an evidentiary hearing to be set on Kinney's motion.

At the evidentiary hearing, both Kinney and his former counsel, Thomas Harris, testified. While testifying, Kinney admitted that Harris did not pressure him to accept the plea agreement, and he admitted that he never told Harris or the district court that he had difficulty understanding the agreement. Kinney also testified that the day before his trial date, he had asked Harris to speak with the prosecutor about why there had been no plea agreement dropping the charge of aggravated assault on a law enforcement officer. He

2

testified that Harris then spoke to the prosecutor about a potential plea agreement, at which point Harris and the prosecutor came back with three or four different plea agreements he could consider. He testified that Harris told him about the different benefits of each of the plea agreements, but Harris told him that the plea agreement that he eventually accepted was the best.

In describing their discussion about this agreement, Kinney testified:

"Well, we discussed it for a few minutes and then [the prosecutor] left and me and Mr. Harris talked a little bit and then we had come to an agreement. I don't even remember what the agreement on the plea agreement was. It was just Mr. Harris said he thought that it was the best one out of the bunch, and I was pretty much convinced that it was the only thing to do. So he came out here and they wrote something out by hand and brought it back in there to me."

Kinney further testified that he had only read the parts of the plea agreement he "was pleading to and [the State] dropped" because "everything was happening so fast." He asserted that he just "said, yes and signed [his] name." He asserted that because he did not have "time to think it over," he did not believe he had a "full understanding of [his] plea]."

Harris testified that he knew he had gone through the terms of the plea agreement with Kinney, including the rights he would be waiving and potential sentencing outcomes from entering his plea. He further testified that he believed he had instructed Kinney to read the plea agreement and that Kinney had, in fact, read the plea agreement. Still, Harris admitted that Kinney had only about 20 to 30 minutes to consider the plea agreement before he was brought before the court to enter his plea.

3

At the end of the hearing, the district court denied Kinney's motion to withdraw plea. In denying this motion, the district judge determined that the following facts were relevant:

> "We did take a plea on May the 7th and I did go through my laundry list . . . . The first thing I ask[ed was], 'Have you had plenty of time to talk with your attorney about this plea?' The second thing I ask[ed was], 'Are you satisfied with the advice he's given you in the case?' And the third thing I ask[ed was], 'Have you been threatened, coerced, or misled in any manner to enter into this plea?' And all of those questions were answered by Mr. Kinney.
>
> . . . .
>
> "Now, I think that Mr. Harris spent considerable time with Mr. Kinney in explaining this case. . . .
>
> . . . .
>
> "So I don't think he was misled. I'm sure that Mr. Harris went over these things with him before he signed the plea agreement. . . . I know the questions I asked him and so I'm going to deny the Motion to Withdraw the Plea."

The district court later sentenced Kinney to a controlling term of 52 months' imprisonment followed by 12 months' postrelease supervision.

Kinney timely appeals.

DID THE DISTRICT COURT ERR BY DENYING KINNEY'S MOTION TO WITHDRAW PLEA?

Kinney's sole argument on appeal is that the district court erred when it denied his presentencing motion to withdraw plea. Kinney asserts that because he felt "kind of overwhelmed" while considering the plea agreement and his contention that he did not have enough time to consider the plea agreement establishes that his plea was not understandingly made. Thus, he argues that the trial court acted unreasonably when it

4

denied his motion to withdraw his plea. The State counters that we should reject Kinney's argument based upon the district court's credibility determination.

When reviewing an appeal from the district court's denial of a presentencing motion to withdraw plea, we review the district court's decision for an abuse of discretion. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). A district court abuses its discretion if its decision was based on an error of law, was based on an error of fact, or was otherwise unreasonable. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). When engaging in this analysis, we must defer to the district court's credibility determinations, giving deference to the district court's factual findings so long as those findings are supported by substantial evidence. *State v. Appleby*, 289 Kan. 1017, 1038, 221 P.3d 525 (2009).

Under K.S.A. 2016 Supp. 22-3210(d)(1), "[a] plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged."

> "In determining whether a defendant has shown good cause to withdraw a plea, a district court should consider three factors, sometimes called the *Edgar* factors, after *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

While the *Edgar* factors are the proper analysis, to succeed on appeal, Kinney must first designate a record that establishes prejudicial error. In *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015), our Supreme Court determined that a defendant has the burden of designating a record on appeal proving error; otherwise, we presume the district court acted properly. Though neither party's brief addressed this issue, it is important to point out that Kinney has failed to meet this burden by failing to include his

plea hearing transcript in the record on appeal. Inclusion of the plea hearing transcript was critical to Kinney's success on appeal given that, in addition to Harris' testimony, the district judge found that Kinney's responses during the plea colloquy established that Kinney's plea was understandingly made. Because Kinney has failed to meet his burden of designating a record establishing prejudicial error, we must presume that the district court's findings regarding the plea colloquy have a basis in fact and that the district court's denial of his motion to withdraw plea was proper.

Kinney's argument clearly hinges on his belief that his plea was not fairly or understandingly made. Notwithstanding the failure of omitting the plea hearing transcript from the record on appeal, it is clear from the transcript of the motion hearing that the district court properly considered whether good cause existed to withdraw the plea and correctly analyzed the *Edgar* factors when denying Kinney's motion to withdraw his plea. The district court first found that Kinney was represented by competent counsel as Harris had been practicing in front of that court since 2009 and had prior experience as well. As to the second and third factors, the district judge pointed out that during the plea hearing, he asked his standard questions.

> "The first thing I ask[ed was], 'Have you had plenty of time to talk with your attorney about this plea?' The second thing I ask[ed was], 'Are you satisfied with the advice he's given you in the case?' And the third thing I ask[ed was], 'Have you been threatened, coerced, or misled in any manner to enter into this plea?' And all of those questions were answered by Mr. Kinney."

The district court went on to note in its ruling:

> "I advised him of the rights he was giving up, the right to a jury trial, the right to make the State prove him guilty of the charges and I said, 'Understanding you give up each of these rights when you enter this plea, do you still want to go ahead with this plea today?' And he answered, 'Yes.' And then, of course, we found the factual basis."

6

The district court concluded that Kinney was not misled and that his counsel had reviewed the plea agreement with Kinney before he signed it. The hearing transcript on the motion to withdraw the plea reflects that the proper analysis was used—and result was reached—by the district court.

Kinney asserts that his plea was not understandingly made because he did not have enough time to consider the plea agreement before entering his plea; the district court explicitly rejected this assertion. When denying Kinney's motion, the district court found that Kinney's responses during the plea colloquy and Harris' testimony supported that Kinney knew exactly what he was doing despite his testimony to the contrary. As a result, the district court clearly made a credibility determination against Kinney.

Kinney's argument that the district court's decision was unreasonable necessarily attacks this credibility determination. Stated another way, Kinney's argument is truly that the district court's credibility determination was unreasonable. Kinney's argument must fail because it requires us to reweigh the district court's credibility determination, something we cannot do, and we must defer to the district court's credibility determination so long as there is some basis in fact for that determination. See *Appleby*, 289 Kan. at 1038. Indeed, even when our Supreme Court has been skeptical of a district court's credibility determination given a witness' inconsistent testimony, our Supreme Court has deferred to the district court's determination because the district court was in the best position to judge credibility. See, e.g., *State v. Anderson*, 291 Kan. 849, 856-57, 249 P.3d 425 (2011).

Here, two bases support the district court's credibility determination—Kinney's responses during the plea colloquy and Harris' testimony that he explained the terms of the plea agreement to Kinney. We reject Kinney's argument that the district court's denial of his motion to withdraw the plea was unreasonable, defer to the district court's credibility determination, and find no abuse of discretion by the district court.

Affirmed.