NOT DESIGNATED FOR PUBLICATION

Nos. 117,489
117,490

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interests of
I.G. and K.G.,
Minor Children.

MEMORANDUM OPINION

Appeal from Johnson District Court; KATHLEEN SLOAN, judge. Opinion filed December 8, 2017.
Affirmed.

*Christian Webb*, of Olathe, for appellant natural mother.

*Shawn E. Minihan*, assistant district attorney, and *Stephen M. Howe*, district attorney, for
appellee.

Before GARDNER, P.J., PIERRON and ATCHESON, JJ.

PER CURIAM: Mother appeals the termination of her parental rights as to two children, contending that the district court erred by allowing the childrens' foster mother to hear others' testimony during the termination hearing, and by permitting the case manager to testify to her opinion of Mother's unfitness at that hearing.

Because of the limited nature of Mother's appeal, we find it unnecessary to recite many of the facts which underlie the district court's finding of unfitness. We focus instead of the events at the termination hearing relevant to this appeal.

1

At the termination hearing, Mother invoked the sequestration rule to prevent the foster mother from hearing the testimony of other witnesses. The foster mother was listed on the State's witness list. The State responded that it did not intend to call the foster mother to the stand, but Father stated that he might do so. The State then moved for the court to grant the foster mother interested party status. Father objected to that motion, arguing that the State was trying to circumvent the sequestration and the hearsay rules. Mother also objected, arguing that the State could not make such a motion unless the State represented the foster mother.

The district court determined that it could grant interested party status on its own motion if doing so would be in the best interest of the children. The district court noted that the foster mother had been housing the children for the last year and granted her interested party status, thus permitting her to remain in the courtroom and hear the testimony of all other witnesses. Father and Mother both objected.

Among the witnesses who testified was case manager Ginger Wilson from KVC Behavioral Healthcare. She had received her bachelor's degree in social work in December 2015 and held only a temporary license. She testified that she did not believe reintegration was possible and that it would not be safe to place both children with Mother because of how one child treated the other.

While case manager Wilson was testifying, Mother and Father objected to her testimony, arguing that she could not express an opinion based on the KVC file because she lacked the experience necessary to qualify as an expert witness. The district court overruled the objections and held that the case manager could testify as an expert witness because she had a temporary license. Wilson noted that Mother had made little progress in completing her reintegration plan despite being given an ample amount of time. She then gave her opinion that Mother was unfit, likely to remain unfit, and that it would be in the children's' best interest to terminate Mother's parental rights.

2

The district court ultimately determined that Mother was unfit to be a parent because: (1) reasonable efforts failed to reintegrate the family; (2) Mother did not put forth the effort to adjust her circumstances to meet the needs of the children; (3) Mother's drug use rendered her unable to care for the children; and (4) Mother failed to complete the reintegration plan. The district court determined that Mother's condition was unlikely to change in the foreseeable future because Mother had already had nearly two years in which to complete the reintegration tasks, she had chosen to live with a registered sex offender who had been therapeutically recommended not to see one of the children but would be the primary caregiver for both young children, and she had not successfully completed or regularly attended drug treatment programs. The district court found that the children deserved permanency and that it was in the children's best interest to terminate Mother's parental rights. Mother now appeals.

*Did Mother preserve her first issue?*

The State contends that Mother cannot raise the issue of whether the district court properly determined that granting interested party status to the foster mother was in the best interest of the children because Mother failed to raise the issue before the district court. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). Having reviewed the record, we find the issue was sufficiently raised below.

*Did the district court err by granting the foster mother interested party status?*

The district court has discretion to sequester witnesses. *State v. Sampson*, 297 Kan. 288, 292, 301 P.3d 276 (2013). The purpose of sequestering a witness is to prevent the witness from tailoring their testimony to conform to the testimony of other witnesses. 297 Kan. at 297. On appeal, we review the district court's decision to sequester a witness for an abuse of discretion. 297 Kan. at 292. "A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error

3

of law; or (3) is based on an error of fact." *Northern Natural Gas Co. v. ONEOK Field Services Co*., 296 Kan. 906, 935, 296 P.3d 1106 (2013).

Mother contends that because she invoked the seqestration rule, the district court abused its discretion by allowing the foster mother to remain in the courtroom, hear the testimony of previous witnesses, and then testify. Mother asserts that the district court erred by granting the foster mother interested party status because the district court did so sua sponte without finding that doing so was in the children's best interest. Mother argues that she was prejudiced because the foster mother had the opportunity to alter her testimony after hearing the previous witnesses testify.

We focus solely on this latter assertion of prejudice and find it unnecessary to determine whether the district court erred. Even assuming, without finding, that the district court abused its discretion in designating the foster mother as an interested party and permitting her to avoid sequestration, we find Mother has shown no prejudice. Prejudice is necessary. See *State v. Heath*, 264 Kan. 557, 589, 957 P.2d 449 (1998) (recognizing that even if district court abuses its discretion in denying a request to sequester witnesses, the error is not reversible absent evidence of prejudice).

Mother's sole mention of prejudice is to state that because the trial was conducted over multiple days and the foster mother heard several witnesses before she testified on the third day of the trial, the danger of her altering her testimony was exceedingly high. This argument is conclusory, cites no specific testimony, and fails to show actual prejudice as is necessary to show reversible error.

4

*Did the district court abuse its discretion by allowing case manager Wilson to testify to her opinions?*

Mother next argues that the district court erred by allowing Wilson to testify to her opinions because she did not qualify as an expert witness. Mother contends that the case manager was not properly trained in the decision making process for terminating parental rights and that the State's claims regarding fitness and foreseeability were predicated solely on inadmissible testimony.

The State appears to concede that the case manager was not qualified as an expert but argues that her opinion testimony was properly admitted as a lay witness. Witnesses who are not testifying as an expert may give opinions but must form their opinions based on their personal perceptions rather than on scientific, technical, or specialized knowledge. K.S.A. 2016 Supp. 60-456(a).

The State also argues that the district court, in its lengthy written decision terminating parental rights, did not rely at all on the case manager's opinions to support any of its findings. Having reviewed the record, we agree. Even assuming, without deciding, that admission of the case manager's opinions was erroneous, we find no reversible error because Mother has not shown that the district court's decision to terminate her parental rights was based on the case manager's opinion. A party asserting that prejudicial error has occurred has the burden of designating a record that affirmatively shows the error. *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). Mother has failed to do so here. The district court's decision notes that two representatives from KVC appeared in person, but it does not further reference either such person and does not refer to or rely on any opinion by case manager Wilson. No reversible error has thus been shown.

Affirmed.