NOT DESIGNATED FOR PUBLICATION

No. 116,981

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

BRANDON ALVIN DANNEBOHM,
*Appellee*.


MEMORANDUM OPINION

Appeal from Barton District Court; RON SVATY, judge. Opinion on remand filed August 24, 2018. Affirmed.

*Douglas A. Matthews*, assistant county attorney, *Amy J. Mellor*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Donald E. Anderson II*, of Anderson, Bristow, & Anderson Law Office, of Ellinwood, for appellee.


Before ARNOLD-BURGER, C.J., LEBEN, J., and BURGESS, S.J.


PER CURIAM: Brandon Alvin Dannebohm was charged with possession with the intent to distribute methamphetamine. Prior to trial, he filled a motion to suppress evidence of the methamphetamine located during the search of a third-party's residence. The trial court sustained the motion. The State appealed the ruling and this court reversed the trial court, finding that Dannebohm did not have standing to contest the search of the third-party residence. *State v. Dannebohm*, No. 116,981, 2017 WL 3447883 (Kan. App. 2017) (unpublished opinion). However, Dannebohm sought petition for review and our

1

Supreme Court granted review. The Supreme Court concluded that Dannebohm had standing, reversed this court's finding to the contrary, and the case was remanded to this court for further review. We affirm the ruling of the trial court suppressing the results of the search of the third-party residence.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case were extensively set forth in this court's prior opinion and in the opinion of the Supreme Court. *State v. Dannebohm*, 308 Kan. ___, 421 P.3d 751 (2018). As such, a summary of the critical facts follows.

Two police officers and their police dog appeared at the apartment of Alexis Tracy, searching for Dannebohm who was known to have spent a great deal of time at Tracy's apartment. One of the officers testified that they brought the dog along out of concern of a risk of violence. The other officer testified that the dog was brought along because they believed that Dannebohm brought drugs into the apartment and stored them in a safe he kept at the apartment.

The testimony is in agreement that the officers asked Tracy on two occasions to enter the apartment to search for Dannebohm and that Tracy gave her consent both times. There is also agreement that Tracy was never asked and never gave her consent to any type of search for drugs. Tracy did volunteer information that Dannebom did bring drugs to her apartment and that he kept drugs in a safe that he had brought to her residence.

The police searched the residence and confirmed that Dannebom was not there. During the search, a glass pipe with residue was found. At this point the K-9 handler gave the dog the command to search for drugs and the K-9 hit on the safe. The officers took possession of the safe and transported it to the Ellinwood Police Department. A search warrant was secured and the safe was opened finding methamphetamine. The testimony

2

that served as the basis for the search warrant was the evidence of the K-9's response and not the statements made by Tracy to the officers regarding drugs in her apartment.

At the motion to suppress, the trial court found that once the K-9 was directed into a drug search mode, the scope of Tracy's consent had been exceeded. The motion to suppress was granted. The State appealed that ruling and the subsequent appellate proceedings followed.

### DID THE DISTRICT COURT ERR IN ORDERING SUPPRESSION WHEN THERE WAS CONSENT TO SEARCH?

The State argues that the district court erred in granting Dannebohm's motion to suppress because Tracy consented to the search. Dannebohm counters that Tracy's consent was limited to a search for Dannebohm, and the K-9 sniff exceeded the scope of her consent.

Under the Fourth Amendment to the United States Constitution, warrantless searches are per se unreasonable unless a recognized exception applies. *State v. Ryce*, 303 Kan. 899, 913, 368 P.3d 342 (2016), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017). One of these exceptions is an individual's consent to a search. 303 Kan. at 914. The existence and voluntariness of consent to a search is a question of fact determined from the totality of the circumstances. 303 Kan. at 931-32 (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S. Ct. 2041, 36 L. Ed. 2d 854 [1973]). The scope of consent is equally a question of fact. *State v. Chapman*, 51 Kan. App. 2d 401, 414, 347 P.3d 700 (2015); *State v. Kerestessy*, 44 Kan. App. 2d 127, 132, 233 P.3d 305 (2010).

The State must demonstrate by a preponderance of the evidence that consent was given voluntarily, intelligently, and knowingly. *State v. Parker*, 282 Kan. 584, 595, 147 P.3d 115 (2006); *State v. Johnson*, 253 Kan. 356, 362, 856 P.2d 134 (1993). "'The

3

standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?'" *Johnson*, 253 Kan. at 365 (quoting *Florida v. Jimeno*, 500 U.S. 248, 251, 111 S. Ct. 1801, 114 L. Ed. 2d 297 [1991]). The expressed object of a search may also serve to delimit its scope. *Jimeno*, 500 U.S. at 251.

Dannebohm argues that Tracy only consented to a search that would amount to a protective sweep as recognized in *Maryland v. Buie*, 494 U.S. 325, 110 S. Ct. 1093, 108 L. Ed. 2d 276 (1990). A protective sweep is defined as "a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." 494 U.S. at 327. The State points out that there was no arrest, therefore this was not a protective sweep.

Tracy testified that the officers asked her if they could search her apartment for the express purpose of finding Dannebohm, and she consented to this search. Tracy stated, however, that she never gave consent for the officers to use a K-9 to search for drugs. Officer Chance Bailey testified that Tracy stated the officers would find drugs in the apartment, and this indicated to the officer that Tracy was giving consent to such a search. Tracy contests that she ever made such a statement. Nevertheless, Officer Adam Hales, the K-9 officer, testified that Tracy had not given consent to the K-9 sniff of her apartment. There are sufficient facts to support the district court's conclusion that the consent given was to search for Dannebohm, the person, and not for drugs.

Dannebohm further argues the district court did not err because the search warrant obtained to open his safe relied on information obtained during an illegal search and, was thus, invalid. The State does not respond to this argument, relying solely on its contention that Tracy consented to the search. The affidavit of probable cause for the search warrant

4

is not in the record on appeal, however the State did admit at the hearing for reconsideration that the K-9 sniff was the basis for the search warrant.

The party asserting error, in this case the State, has the burden of designating a record that affirmatively shows the error. *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). In the absence of a record to review, this court cannot conclude the district court erred on this point when it granted the motion to suppress. Furthermore, the State has abandoned any argument that the affidavit provided probable cause independent of the information gathered during the illegal search. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016) (issue not briefed deemed waived and abandoned). Therefore, the district court did not err in granting the motion to suppress the evidence procured during the execution of the search warrant. The sole support for the search warrant for Dannebohm's safe was based on the search of Tracy's apartment and the scope of that search exceeded Tracy's consent.

The district court's order suppressing the evidence found during the search of Tracy's apartment is affirmed.