NOT DESIGNATED FOR PUBLICATION

Nos. 118,528
118,529
118,530

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HECTOR D. RUBIO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed November 21, 2018. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: Hector D. Rubio appeals his sentences. He argues the district court erred when it did not award him jail credit for the time he was in custody between the filing of new charges and when he made bond. We affirm.

In August 2016, Rubio pled guilty in Sedgwick County cases 16 CR 396 and 16 CR 852. On January 31, 2017, the district court sentenced him in 16 CR 396 to 12 months of probation with an underlying 13-month prison term. On the same day, the

1

court sentenced Rubio in case 16 CR 852 to 18 months of probation with an underlying 11-month prison term. The court ordered the sentences to run consecutively.

Rubio was to report to his probation officer after holds in other cases were lifted. Rubio's probation condition page shows that he was being held in three other cases. The handwritten notes on Rubio's probation condition sheet show that he was also being held on cases from Harvey County, Sumner County, and Sedgwick County.

On February 3, 2017, the State charged Rubio, in case 17 CR 288, with several crimes alleged to have occurred in January 2016. Rubio was held on bond in case 17 CR 288 from February 3, 2017, until he made bond on March 31, 2017.

It seems that Rubio was released from custody in cases 16 CR 396 and 16 CR 852 on or about May 6, 2017. Nothing in the record suggests that Rubio was released from jail before May 6, 2017. On May 22, 2017, Rubio was returned to custody on case 17 CR 288. Warrants were filed in 16 CR 396 and 16 CR 852 on May 30, 2017. The warrants stated that Rubio was accused of violating the conditions of his probation for "fail[ing] to make contact with his ISO since his release from jail on or about May 6, 2017, prior to his re-arrest on May 22, 2017."

On July 5, 2017, the district court imposed a two-day quick dip sanction on Rubio for failing to report to his probation officer in cases 16 CR 396 and 16 CR 852. The court also ordered that he remain in custody until placement at a residential facility became available, unless the outcome of 17 CR 288 changed matters.

On July 26, 2017, Rubio entered a guilty plea in 17 CR 288. The district court sentenced him to serve 117 months in prison to be served consecutive to cases 16 CR 396 and 16 CR 852. The court credited Rubio with time served. At the hearing, the parties agreed that Rubio was to be credited two days of time served but with the understanding that it could change based on how the court handled 16 CR 396 and 16 CR 852. The

2

court set a review hearing to determine the status of 16 CR 396 and 16 CR 852. The journal entry for 17 CR 288 stated that jail credit was not awarded for the time between February 3, 2017, and March 31, 2017; and May 22, 2017, and September 9, 2017. The journal entry in 17 CR 288 does not set a "Sentence Begins Date." Instead, it states that the date is "To Be Determined."

At the review hearing for Rubio's 2016 cases, the district court found that Rubio was not amenable to probation and ordered him to serve the underlying sentences concurrent with 17 CR 288. The journal entry of probation in case 16 CR 396 did not mention jail credit for the time between February 3, 2017, and March 31, 2017. The journal entry of probation in case 16 CR 852 also does not mention jail credit for the time between February 3, 2017, and March 31, 2017.

Rubio appeals his sentences.

Rubio argues the district court erred by failing to award him jail credit for the time he was in custody between February 3, 2017, and March 31, 2017. In response, the State argues that Rubio fails to meet his burden to establish error occurred and he is not entitled to credit because he was in custody on those dates for other cases.

The right to jail credit is statutory. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Interpretation of a statute is a question of law and this court's review is unlimited. 295 Kan. at 581.

The party asserting an error on appeal has the burden to designate a record showing prejudicial error. *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015); *State v. Grizzle*, No. 118,088, 2018 WL 3486561, at *3 (Kan. App. 2018) (unpublished opinion) (applying appellant's burden in jail credit case). Without such a record, appellate courts presume the trial court's action was proper. *State v. Goodson*, 281 Kan. 913, 919, 135 P.3d 1116 (2006).

Typically, a defendant who spends time in jail pending his or her conviction and sentencing may receive credit for that time. K.S.A. 2017 Supp. 21-6615(a). To reflect that earned time, the district court calculates the "date of sentence" or, as the Kansas Journal Entry of Judgment form states, the "Sentence Begins Date" by subtracting the days spent in confinement from the actual date of sentencing. The designated date is then used as if that was the date the defendant was incarcerated on the case. K.S.A. 2017 Supp. 21-6615(a). If the district court does not set a sentence date, the "records officer shall compute the sentence begins date by subtracting jail credit from the date of sentencing." K.A.R. 44-6-134(a).

A defendant earns jail time credit under K.S.A. 2017 Supp. 21-6615(a) solely for jail time incurred because of, or as a direct result of, the charge for which the defendant is being sentenced. See *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003); *State v. Calderon*, 233 Kan. 87, 98, 661 P.2d 781 (1983).

Much of this case revolves around confusion in the record. The State argues that Rubio has not met his burden to establish that error occurred. On the other hand, Rubio argues that the record shows that he never received credit for the time he was in custody between February 3, 2017, and March 31, 2017. According to Rubio, he was solely awaiting disposition in 17 CR 288 at that time.

Rubio is incorrect in saying that the record shows he never received credit. All the record shows is that he did not receive credit, for the period in question, in the three cases involved in this appeal. The State could be correct when it states that "presumably the credit went toward other cases for which the defendant was held." The record does indicate that Rubio was being held on other cases in January 2017 and he likely was held on one or more of the cases until he was released from jail on or about May 6, 2017. For example, he was not convicted in the Newton County case until April 6, 2017.

4

Rubio has the burden to prove an error occurred. See *Sisson*, 302 Kan. at 128; *Grizzle*, 2018 WL 3486561, at *3. Rubio has not shown that he was solely in custody for 17 CR 288 between February 3, 2017, and March 31, 2017. The record suggests that Rubio was released from custody on or about May 6, 2017. It seems that Rubio was in custody during the time between February 3, 2017, and March 31, 2017, for cases 16 CR 396, 16 CR 852, 17 CR 288, and other cases from outside Sedgwick County. Because Rubio has failed to prove he was only in custody for case 17 CR 288, his argument fails. See *Sisson*, 302 Kan. at 128; *Grizzle*, 2018 WL 3486561, at *3. See also *State v. Devaney*, No. 110,866, 2015 WL 3632131, at *2 (Kan. App. 2015) (unpublished opinion) (holding court did not err in denying defendant jail credit when his jail term was not incurred solely on the charge for which he was sentenced); *State v. Baringer*, No. 106,525, 2012 WL 2476994, at *1 (Kan. App. 2012) (unpublished opinion) (same).

Rubio also argues the district court erred because it did not include a sentencing begins date in the journal entry. This argument is unpersuasive. K.A.R. 44-6-134(a) contemplates the journal entry not containing a sentence begins date and provides a mechanism for the date to be calculated. Additionally, the only case that Rubio cites as support does not require the district court to designate a sentence begins date. It only requires the court to determine jail time credit and include the time awarded in the journal entry. See *State v. Fowler*, 238 Kan. 326, 335-36, 710 P.2d 1268 (1985). The court in this case did so.

Ultimately, Rubio has failed to meet his burden to show that the district court erred. We can assume that the district court acted properly. See *Goodson*, 281 Kan. at 919. We affirm Rubio's sentences.

Affirmed.

5