NOT DESIGNATED FOR PUBLICATION

No. 118,847

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT T. LEWIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed November 30, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Robert Lewis appeals the district court's denial of his motion for jail-time credit. We granted Lewis' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47); the State filed no response.

Lewis was pulled over on July 16, 2016, for not stopping at a red light in Jackson County, Kansas. During the stop, officers found methamphetamine in Lewis' pocket. Officers let Lewis go after telling him they would send a recommendation for a criminal charge to the Jackson County Attorney's office.

About a month later, in August 2016, Lewis was arrested in Shawnee County for a different offense. On September 8, 2016, Lewis was placed in custody of the Department

1

of Corrections for violating parole in yet another case. While he was in Department of Corrections' custody, Jackson County filed charges against Lewis for his July 2016 traffic stop. Then on November 10, 2016, Lewis was indicted in Shawnee County on charges related to his August 2016 arrest.

On November 14, 2016, Lewis filed a detainer request with the Jackson County District Court seeking to resolve the Jackson County charges. A few weeks later, though, on December 9, 2016, Lewis was paroled to a Shawnee County detainer to first resolve charges there.

Lewis entered a plea on his Shawnee County charges on March 10, 2017. Two months later, in May 2017, Lewis was sentenced to eight months in prison for his Shawnee County conviction with credit for time already served.

Then on June 7, 2017, after beginning a new sentence with the Department of Corrections, Lewis was immediately paroled to Jackson County. In October 2017, Lewis pleaded no contest to possession of methamphetamine in Jackson County for the charges stemming from his July 2016 traffic stop.

Given Lewis' criminal-history score of A, the presumptive guidelines sentence for his possession conviction would have been 37, 40, or 42 months in prison. See K.S.A. 21-6805(a) (sentencing grid for drug crimes). But Lewis and the State agreed to recommend that the district court impose 12 months in prison instead.

At sentencing on December 15, 2017, Lewis requested the court follow the plea agreement and sentence Lewis to a year in prison, which he claimed would amount to "time served." But although the court then sentenced Lewis to 12 months in prison, the court gave him credit for only 189 days he had served in jail (representing the period from June 9, 2017, until December 15, 2017).

2

On appeal, Lewis argues that the district court should have granted him jail credit from the time he filed his Jackson County detainer request on November 14, 2016.

Under Kansas law, when a defendant is sentenced to confinement, the court is required to designate a date that the sentence begins to run in order to "be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2017 Supp. 21-6615(a). A defendant sentenced to incarceration must be given credit for all time spent in custody "solely on the charge for which he is being sentenced." *State v. Calderon*, 233 Kan. 87, 97, 661 P.2d 781 (1983).

The district court awarded Lewis credit for the 189 days he was in custody solely on the charges in his Jackson County case No. 16-CR-350. The court indicated that the additional time Lewis was requesting was credited to his Shawnee County case.

Lewis asks us to give him additional jail credit. But Lewis has failed to provide the records from his Shawnee County case to confirm or disprove the district court's finding that he was awarded jail credit for the same days in custody against the sentences in those cases. The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the district court was proper. See *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). Based on the record submitted for our review, Lewis has failed to establish that the district court erred in denying his request for jail credit.

On Lewis' motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record that was available to the district court, and we find no error in its award of jail-time credit.

3

We affirm the district court's judgment.