NOT DESIGNATED FOR PUBLICATION

No. 119,323

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSE I. CUELLAR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Republic District Court; KIM W. CUDNEY, judge. Opinion filed May 3, 2019. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GREEN and POWELL, JJ.

PER CURIAM: Jose Cuellar appeals his sentence for rape, arguing that the district court misinterpreted the terms of his plea agreement and erred in preventing him from requesting a sentencing departure to a shorter-duration sentence. But Cuellar didn't raise this issue before the district court, never challenged the district court's interpretation of his plea agreement, and didn't move for a departure sentence. Cuellar has not shown any error by the district court, and we therefore affirm the district court's judgment.

Cuellar had pleaded no contest to one count of rape of a child under the age of 14, under K.S.A. 2017 Supp. 21-5503(a)(3) and (b)(2). In exchange for his plea, the State dropped a second count of aggravated criminal sodomy. The district court accepted the

plea in a hearing at which the parties presented a document titled, Tender of Plea of Guilty or No Contest, and signed by Cuellar, his attorney, and an interpreter.

The district court accepted the plea agreement. The written Tender of Plea of Guilty or No Contest contained several provisions relevant here. Paragraph 8 noted Cuellar's understanding of the presumptive sentence for the offense: "I understand that the presumptive sentence for Rape . . . is a minimum sentence of twenty five years to life in prison. I understand that this sentence may be imposed when the court accepts this plea . . . ." Paragraph 12 referenced the plea negotiations: "There have been plea negotiations between the County Attorney, my attorney, and me, and agreement has been reached as follows: Defendant pleads No Contest to . . . Rape . . . . There are no other agreements." Although the Tender of Plea of Guilty or No Contest referenced an agreement, the document was signed by only one side (the defendant and his attorney).

In addition to that written document about the plea agreement, the parties also made statements orally at a plea hearing, and the court entered a written order summarizing what had taken place at that hearing. The hearing transcript shows that the court told Cuellar that "[a]t the time of sentencing, your attorney and the State's attorney will make recommendations to the Court [but] the Court is not required to accept those recommendations." Then the prosecutor said, "[W]e want to ensure that [Cuellar] understands that both parties at sentencing will be recommending the presumptive sentence without any departures requested." Cuellar didn't object to this statement, and at no time during the plea hearing did Cuellar's attorney ever suggest that Cuellar would seek a sentence less than the presumptive sentence, which was life with a minimum 25 years to be served in prison before parole eligibility. The court's written order summarizing the plea hearing said that "[t]he parties advise the Court that neither party will seek a departure at the time of sentencing . . . . Court advises the Defendant of the possible penalties of entering a plea of either guilty or no contest . . . including a sentence of up to life in prison."

2

At the sentencing hearing, the district court told Cuellar that "[t]he sentence is presumptive lifetime with a minimum of 25 years." When asked if he had any questions about the possible sentence, Cuellar responded, "No." The court asked Cuellar's attorney, Julie Effenbeck, if she wished to make any recommendations for Cuellar. She replied that "in this type of case with the parameters of what he has been convicted of, there's not a lot of leeway for me to ask[, so] we'd ask the Court for the standard sentence, . . . the minimum of 25 years." Then the State recommended the "standard sentence of life in prison with the mandatory minimum of 25 years before parole eligibility." Cuellar made no objection to the State's recommendation and made no request for a sentence shorter than the 25-year mandatory minimum. As called for by statute, the court sentenced Cuellar to life in prison with a mandatory minimum of 25 years before parole eligibility.

ANALYSIS

Cuellar argues that the district court misinterpreted the terms of the plea agreement and erred in preventing Cuellar from requesting a sentencing departure. He notes that the Tender of Plea of Guilty or No Contest said that Cuellar had agreed to plead guilty or no contest to the single charge of rape and that "[t]here [were] no other agreements." He then notes that the court's written summary of the plea hearing added another provision: "The parties advise the Court that neither party will seek a departure at the time of sentencing." Cuellar contends that this statement in the court's written summary of the plea hearing improperly added a term to the plea agreement and prevented Cuellar from seeking a shorter departure sentence at the sentencing hearing.

Cuellar didn't raise this argument before the district court. Nor did Cuellar ask for a departure sentence of less than 25 years at any time in the district court. That presents a problem on appeal because of the general rule that a party who fails to raise an issue

3

before the district court cannot raise that issue on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

There are exceptions to that rule. One of the exceptions allows a court to consider the issue if doing so is necessary to prevent the denial of fundamental rights. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Cuellar argues that this exception applies because the district court's error in interpreting his plea agreement implicates his fundamental right to due process because he was "den[ied] specific enforcement of the plea agreement [he] actually entered into."

Cuellar is right that a defendant's due-process rights are implicated by a challenge to the interpretation of a plea agreement. In a case cited by Cuellar, *State v. Wills*, 244 Kan. 62, 63,765 P.2d 1114 (1988), the defendant argued that the State had violated his due process rights by failing to comply with the terms of a plea agreement. The court determined that once a defendant enters a guilty plea based on a plea agreement, "due process mandates the State perform as it promised." 244 Kan. at 68.

So while the defendant does have some due-process rights once a plea has been entered under a plea agreement, the problem with Cuellar's argument in this appeal is that there's no indication that the State failed to comply with the terms of the plea agreement in this case. The party claiming an error on appeal has the burden of designating a record that affirmatively shows prejudicial error. *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). Nothing in our record shows that the State breached the plea agreement.

The written document about the plea agreement—signed only by the defense—said that the only terms of the agreement were that Cuellar would plead guilty or no contest to one count of rape of a child under 14 and the State would drop an aggravated criminal sodomy charge. Even if we assume that those were the only terms agreed upon, neither the district court nor the State prevented Cuellar from filing a motion for a departure sentence or

4

from challenging the accuracy of the court's written summary of the plea hearing—which said that "[t]he parties [had] advise[d] the Court that neither party will seek a departure at the time of sentencing."

Indeed, whether it was part of the plea agreement or not, our record is consistent with the idea that neither party intended to seek a departure sentence. That intention was realized at sentencing when neither party sought a departure sentence.

Cuellar now claims that he didn't move for a departure sentence because "the district court [had] precluded such a sentencing request based on its interpretation of . . . Cuellar's plea agreement" that "neither party w[ould] seek a departure at the time of sentencing." But even if the court understood that neither party would seek a departure sentence, it never said Cuellar couldn't do so or that the plea agreement prevented Cuellar from doing so. Cuellar has not shown any error by the district court.

The district court's judgment is affirmed.