NOT DESIGNATED FOR PUBLICATION

No. 118,161

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID LAWRENCE SMITH,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed August 10, 2018. Affirmed.

*Kelly J. Fuemmeler*, of Troy, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and WALKER, S.J.

PER CURIAM: After an evidentiary hearing, the district court denied David Lawrence Smith's petition for habeas corpus. Smith appeals. We affirm.

A jury convicted Smith of one count of aggravated indecent liberties with a child under 14 years of age and two counts of aggravated indecent liberties with a child over 14 years of age but less than 16 years of age. In his direct appeal, Smith alleged eight trial court errors, which included the district court's denial of his motion for a new trial. The Court of Appeals affirmed Smith's convictions. *State v. Smith*, No. 109,165, 2015 WL 1122951, at *1 (Kan. App. 2015) (unpublished opinion). Smith filed a petition for review.

1

The Supreme Court granted review and remanded to the Court of Appeals for reconsideration only on the issue of classification of prior convictions. 304 Kan. 1022 (2016). The Court of Appeals affirmed the classification of Smith's prior convictions. *State v. Smith*, No. 109,165, 2016 WL 2842210, at *2-3 (Kan. App. 2016) (unpublished opinion).

On June 16, 2016, Smith filed a motion to vacate his sentences under K.S.A. 60-1507. He claimed (1) the transcripts and other legal documents were altered; (2) he was denied his constitutional right to a public trial; (3) the State failed to present sufficient evidence to support his guilty verdicts; (4) trial counsel, John Kurth, provided ineffective assistance of counsel; (5) Kurth violated Smith's right against self-incrimination; and (6) the jurors' verdicts were inconsistent.

The district court conducted an evidentiary hearing during which only Smith testified. In his pro se brief, Smith pointed to several examples that led him to question the integrity of the transcript. Smith testified that, despite being acquitted of all rape charges, his Kansas Department of Corrections (KDOC) face sheet showed a rape conviction. He attached several excerpts of the transcript and other documents from the record as exhibits to show that somebody had tampered with the record.

Smith testified that although a newspaper reporter remained in the courtroom during his trial, it was closed to the public. He stated a guard told him, "[y]ou never know who can come up and try to shoot ya," when explaining why trials such as Smith's were closed. Smith claimed guards blocking the entry to the courtroom prevented people from entering. The State argued that Smith failed to present any evidence in support of his belief that the trial was closed and the presence of a reporter contradicted his assertion.

Smith also asserted the State failed to present sufficient evidence for a guilty finding. He testified there were several indicators the victim had fabricated the

allegations of sexual abuse. The State stated the Kansas Supreme Court had already determined the evidence was sufficient and it was improper to address in the habeas proceedings. While Smith acknowledged that the Supreme Court had addressed the issue, he maintained that he addressed it again for the sake of preservation for a federal habeas corpus petition.

Smith contended the Court of Appeals did not review his ineffective assistance of counsel claim because it did not review his supplemental brief that presented the issue. In his habeas brief, Smith claimed Kurth charged him $20,000 and quit putting forth effort in Smith's defense when he was unable to pay the full amount. Smith testified that Kurth violated his right against self-incrimination by improperly advising him to testify at trial. The State contended the appellate court had already denied Smith's ineffective assistance of counsel claim. As to Smith's right against self-incrimination, the State asserted it was Smith's decision whether to testify. It noted that Smith could have refused.

Smith also claimed the jury demonstrated faulty logic by convicting him of some charges while acquitting him of others. He asserts that the inconsistent verdicts show an insufficiency of evidence. The State argued the district court would have to review the facts of the case and see that the jurors had the ability to determine between each count, which they did.

The district court determined that Smith had raised the first, third, and sixth issues before it in his motion for a new trial, which the court heard and denied. The court also found Smith had sought to raise the issues before the Supreme Court, but the Supreme Court had denied his motions. The court found that Smith should have raised the second and fifth issues at the district court level, but he did not. He also should have raised the issues at the appellate level, but he did not. The district court found that under the doctrine of res judicata those five issues were barred or waived.

3

The only issue properly before the district court was ineffective assistance of counsel. However, constitutional issues not raised on appeal may be raised later only with a showing of exceptional circumstances. Smith failed to argue any exceptional circumstances. The district court found that Smith presented only conclusory statements unsupported by evidence. The court denied Smith's K.S.A. 60-1507 motion.

On appeal, Smith asserts the district court's findings were not supported by substantial evidence. He provided the only testimony at the evidentiary hearing and, although he presented no evidence to support his claims, he relies on the State's failure to present evidence to rebut his testimony.

*Doctrine of Res Judicata*

After a full evidentiary hearing on a K.S.A. 2017 Supp. 60-1507 motion, the district court must issue findings of fact and conclusions of law for all issues presented. Supreme Court Rule 183(j) (2018 Kan. S. Ct. R. 223). An appellate court reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the district court's conclusions of law. Appellate courts conduct de novo review of the district court's conclusions of law. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

Here, the district court determined that it previously addressed Smith's claims of altered trial transcripts, insufficient evidence, and jury inconsistency when it denied his motion for a new trial. The court noted that Smith also sought to raise those issues before the Supreme Court but it denied his motions.

Smith addressed the altered transcripts in his motion for judgment of acquittal and his second motion for a new trial or acquittal. Although he did not explicitly state the evidence was insufficient for conviction, he made nearly identical arguments in his

4

motion for acquittal as he did here. Smith's argument about inconsistency in his convictions falls under his sufficiency of the evidence issue. Smith raised these issues through posttrial motions. He should have raised them on direct appeal and they were improperly before the district court in his habeas motion.

The district court also determined that Smith should have raised the issues of a public trial and right against self-incrimination at trial, but he did not. The court found Smith should have addressed the issues on direct appeal, but he did not. The court determined the issues were not properly raised under Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 224):

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

"Exceptional circumstances" have been defined to include "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.' [Citations omitted.]" *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). Exceptional circumstances can include ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

Smith failed to assert any exceptional circumstances. He briefed his self-incrimination claim under his ineffective assistance of counsel claim on appeal but not at the district court level. Though ineffective assistance of counsel may be an exceptional circumstance permitting review of constitutional issues in a habeas motion, Smith failed to present it as such. The district court properly determined Smith should have addressed the claim previously.

5

Smith failed to argue that the district court improperly determined that these issues were deemed waived or barred under the doctrine of res judicata. Instead, Smith presented a summary of his testimony on the merits of the issues and concluded that the State failed to present evidence to rebut his testimony. In addition, though Smith included the standard of review for the issues, he failed to present pertinent authority in support of his arguments. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. See *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

Ultimately, Smith sought to bypass the hurdle of showing that the district court erred by not reaching the merits. Absent an assertion of error by the district court, this court must affirm. The district court correctly determined that Smith improperly raised these five issues in his habeas motion. He should have addressed them in trial and in the direct appeal. He further abandoned these points by failing to include pertinent authority in support of his claims.

*Insufficient Record to Determine on the Merits*

Seeing as Smith merely reasserted his arguments for these issues rather than claim the district court's refusal to consider the merits was in error, it appears he is requesting that we review the merits rather than remand for the district court to make such considerations. Even if we determined these issues warranted a review on the merits, Smith has failed to present a sufficient record for this court to review. Though he filed more than 90 pages of exhibits in support of his motion, the documents either do not directly pertain to the claims or do not support the claims. The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error.

6

Without such a record, an appellate court presumes the action of the trial court was proper. See *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015).

Of the documents submitted in support of the transcript alterations, none support his claim. He points out several sections where the transcript and record do not accurately portray what occurred, but he provides no evidence to support the alleged inaccuracies. For example, he testified that the altered documents allowed the district court to sentence him erroneously under Jessica's Law and provided his KDOC inmate data sheet showing a rape conviction. Importantly, he provided no court documents showing a rape conviction. Additionally, in his direct appeal, this court found his hard 25 life sentence was constitutional for his conviction of aggravated indecent liberties with a child under the age of 14, under K.S.A. 2010 Supp. 21-4643(a)(1)(C) (Jessica's Law). 2015 WL 1122951, at *21. Thus, even if the KDOC sheet was incorrect, the district court properly sentenced him under Jessica's Law.

Smith has presented no evidence to support his claim that his trial was closed to the public. He supported this claim only with his testimony that a guard informed him the hearing had been closed to the public because of his charges. However, Smith testified that a newspaper reporter was in the courtroom, which contradicts his recollection of the closed hearing.

Smith next challenges the sufficiency of the evidence, but he has failed to provide the trial transcript. Without the transcript, we cannot not review the merits of this claim even if Smith had properly addressed it to us. This omission also prevents us from analyzing the evidence to determine whether the jury's guilty and not guilty determinations showed any faulty thinking as Smith claims.

In the context of his claim, the protection against self-incrimination of the Fifth Amendment to the United States Constitution does not apply. The Fifth Amendment

7

provides that no person "shall be compelled in any criminal case to be a witness against himself." The purpose is to ensure that a person could not be compelled to provide testimony that may show he or she committed a crime. *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S. Ct. 316, 38 L. Ed. 2d 274 (1973). Kurth called Smith to testify on his own behalf. Smith did not testify against himself and it does not appear his testimony was compelled to show he committed the alleged crimes. He also failed to provide the transcript of his testimony and so we cannot analyze this issue even if the Fifth Amendment protection applied.

*Sufficient Evidence of Ineffective Assistance of Counsel*

Although Smith argued ineffective assistance of counsel in his direct appeal, the district court determined he properly addressed the issue here because he did not argue it on the same grounds. Smith contends that Kurth tried to charge him a $20,000 retainer although he was court-appointed. He claims Kurth stated that upon receipt of the money, he would handle Smith's case differently and when Smith was unable to come up with that amount, Kurth stopped putting forth effort. Smith alleges Kurth withheld crucial evidence in trial and failed to subpoena jail phone calls between Smith and the victim's mother that proved Smith was not guilty. He also asserts that Kurth's statement that this "probably hasn't been the cleanest trial that we've had" was an admission of trial errors.

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. When the district court conducts a full evidentiary hearing on such claims, the appellate courts determine whether the district court's findings are supported by substantial competent evidence and determine whether the factual findings support the legal conclusions; the appellate courts apply a de novo standard to the district court's conclusions of law. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015).

8

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge and jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

Here, the district court determined Smith had failed to present evidence to support his assertion that Kurth provided deficient representation or to show that Smith had suffered any prejudice. He also failed to argue that absent Kurth's deficient representation, the outcome would have been different. The court pointed out that Smith provided only conclusory statements unsupported by the record.

Whether Kurth sought to collect a $20,000 retainer from Smith is not a matter for an ineffective assistance of counsel claim, as it does not pertain to Kurth's performance in Smith's defense. However, the allegations that Kurth withheld and failed to acquire evidence in support of Smith's defense are questions regarding Kurth's representation. Smith's allegation that Kurth withheld a letter written by the victim was addressed in the direct appeal. The *Smith* court held: "Kurth testified he knew about and had read the letter, but he decided against using the letter during trial because it discussed other matters harmful to his client. Kurth's actions were not constitutionally deficient, and the district court correctly denied [Smith's] claim." 2015 WL 1122951, at *9. We will not reconsider Kurth's decision not to use the letter in trial.

9

Smith failed to show how Kurth's actions were deficient representation rather than strategic decisions. He also failed to show the effect Kurth's actions had on the trial. If counsel made a strategic decision after making a thorough investigation of the law and the facts relevant to the realistically available options, then counsel's decision is virtually unchallengeable. Strategic decisions made after a less than comprehensive investigation are reasonable to the extent a reasonable professional judgment supports the limitations on the investigation. *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) (quoting *Strickland*, 466 U.S. at 690-91.)

Without a sufficient record, we cannot determine whether the district court's factual findings were supported by substantial competent evidence. As a result, we cannot determine whether the factual findings supported the district court's legal conclusions. As the party claiming error, Smith had the burden of designating a record that affirmatively showed prejudicial error. *Sisson*, 302 Kan. at 128. Although Smith provided select pages of the transcript that pertained to his claims, we must analyze Kurth's performance under the totality of circumstances. The limited transcript does not permit such a review. Without a sufficient record, we presume the district court's determination was proper. See 302 Kan. at 128.

Because Smith has failed to present sufficient evidence to show that Kurth's actions were anything more than strategy, and has failed to provide a sufficient record for review, we affirm the district court's determination. Without a finding of deficient performance, we cannot move on to determine whether Kurth's performance prejudiced Smith.

Affirmed.