NOT DESIGNATED FOR PUBLICATION

No. 119,112

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL ALLEN BROWN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed February 15, 2019. Affirmed.

*Kelly J. Fuemmeler*, of Troy, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., PIERRON and GREEN, JJ.

PER CURIAM: Daniel Allen Brown appeals the trial court's dismissal of his K.S.A. 60-1507 motion. Because Brown's K.S.A. 60-1507 motion was untimely, we affirm.

Following a trial, a jury convicted Brown of rape under K.S.A. 2009 Supp. 21-3502(a)(2) and aggravated indecent liberties of a child under K.S.A. 2009 Supp. 21-3504(a)(3). *State v. Brown*, 298 Kan. 1040, 1042, 318 P.3d 1005 (2014). The crimes were against his then 11-year-old stepdaughter, J.D. The trial court sentenced Brown to two consecutive terms of hard 25 life imprisonment. Brown appealed his convictions and

1

sentences to our Supreme Court. Our Supreme Court affirmed his convictions and sentences, except for the imposition of lifetime electronic monitoring and lifetime postrelease supervision, which it vacated. 298 Kan. at 1057-58. Our Supreme Court's mandate issued March 24, 2014. See Supreme Court Rule 7.03(b) (2019 Kan. S. Ct. R. 44).

Less than a year later, on February 20, 2015, Brown moved for relief under K.S.A. 60-1507. He made several arguments, including that his trial counsel, Rex Lane, provided ineffective assistance of counsel. *Brown v. State*, No. 114,530, 2016 WL 6392890 (Kan. App. 2016) (unpublished opinion). The trial court rejected Brown's arguments, and Brown appealed to this court. This court affirmed the denial of Brown's K.S.A. 60-1507 motion. 2016 WL 63922890, at *2-4.

On February 6, 2017, Brown filed a pro se K.S.A. 60-1507 motion alleging that Lane never told him that he could move for a durational departure from an off-grid sentence to an on-grid sentence. He alleged that his lack of criminal history and positive work history supported that the trial court would have granted a durational departure to be sentenced on-the-grid had he made the motion. Brown also asserted that he was innocent.

The trial court appointed counsel to represent Brown. Moreover, the trial court held an evidentiary hearing on Brown's motion.

At the hearing, Brown testified that Lane never told him that moving for a departure was an option. He explained that he learned that he could have moved for a departure in "2015." He repeated that he believed that the trial court would have granted a durational departure had he moved for the departure. Lane testified that it was "[his] understanding of the law" that persons facing "off-grid Hard 25 sentences" cannot receive departures.

2

Ultimately, the trial court ruled that Brown's K.S.A. 60-1507 motion was untimely under subsection (f) because he had filed his motion almost three years after "the final action" in his direct appeal. The trial court found that Brown had not established manifest injustice to extend the K.S.A. 60-1507 time limitations given that Brown never argued manifest injustice. Additionally, the trial court found that regardless of Brown's failure to argue manifest injustice, Brown failed to establish (1) that Lane's representation was deficient or (2) that "the result of the trial would have been different" but for Lane's performance. Thus, the trial court dismissed Brown's K.S.A. 60-1507 motion.

*Did the Trial Court Err by Dismissing Brown's K.S.A. 60-1507 Motion?*

On appeal, Brown asserts that the trial court erred by dismissing his K.S.A. 60-1507 motion because Lane was ineffective for failing to move for a durational departure. He asserts that Lane's testimony establishes that Lane never told him that he could move for a departure. Moreover, he asserts that this fact "creates both a manifest injustice and exceptional circumstances." As a result, according to Brown, he has satisfied K.S.A. 60-1507's time requirements. The State simply responds that the trial court rulings and findings were correct; thus, this court should affirm.

To successfully establish ineffective assistance of counsel, a defendant must establish (1) that defense counsel provided deficient representation under the totality of the circumstances, and (2) that defense counsel's representation resulted in prejudice. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

An appellate court exercises a mixed standard of review when reviewing an appeal from the trial court's denial of a K.S.A. 60-1507 motion after a full evidentiary hearing.

3

We review the trial court's findings of fact to determine whether the findings are supported by substantial competent evidence. Yet, we review the trial court's conclusions of law de novo. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013). An appellate court reviews the trial court's factual findings and legal conclusions on claims of ineffective assistance of counsel under the same standard of review. *State v. Butler*, 307 Kan. 831, 853, 416 P.3d 116 (2018).

K.S.A. 2017 Supp. 60-1507(f)(1)-(2) creates time limitations for movants:

"(f)Time limitations. (1) Any action under this section must be brought within one year of:

(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or

. . . .

(2) The time limitation herein may be extended by the court only to prevent a manifest injustice.

(A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence.

(B) If the court makes a manifest-injustice finding, it must state the factual and legal basis for such finding in writing with service to the parties."

Our Supreme Court issued its mandate in Brown's direct appeal on March 24, 2014. But here, Brown did not move for relief under K.S.A. 2017 Supp. 60-1507 until over 2 years and 10 days later, on February 6, 2017. As a result, he must establish manifest injustice as stated under K.S.A. 2017 Supp. 60-1507(f)(2) to successfully move for relief.

Again, Brown contends that Lane's failure to tell him about the possibility of a departure motion and Lane's failure to move for a departure constitutes manifest injustice. This argument, however, necessarily fails because Brown never argued manifest injustice below. To review, the trial court ruled that Brown's motion was untimely partly because it found that Brown filed his motion more than three years after the last action in his direct appeal without ever arguing manifest injustice. Issues not raised below, even issues involving a party's constitutional rights, cannot be properly asserted for the first time on appeal. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Although there are exceptions to this rule, an appellant must invoke one of those exceptions for this court to consider an argument for the first time on appeal. Brown has not invoked one of those exceptions on appeal.

Moreover, Brown fails to recognize that he is arguing manifest injustice for the first time on appeal. His failure to recognize that he is arguing manifest injustice for the first time on appeal further impedes his argument's success. See Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34). *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (recognizing the strict enforcement of Rule 6.02[a][5]).

Next, we note that Brown's argument is unpersuasive because at his evidentiary hearing, he testified that he learned of the ability to move for a departure in 2015. Yet, he provides no explanation why he did not raise this argument in a K.S.A. 60-1507 motion until February 6, 2017. Thus, Brown's motion is also untimely because he waited two years between learning about his ability to depart and filing his K.S.A. 60-1507 motion complaining about the departure.

Last, we hold that regardless of the preceding, Brown could not establish manifest injustice because his underlying argument is unpersuasive. In *Gould v. State*, No. 96,309, 2007 WL 2695827, at *5-6 (Kan. App. 2007) (unpublished opinion), *rev. denied* 286

5

Kan. 1177 (2008), this court affirmed the denial of Gould's K.S.A. 60-1507 motion, in which Gould argued that his defense counsel was deficient for failing to advise him on filing a departure motion. The *Gould* court held that even if it assumed his counsel was deficient under the first *Strickland* factor, Gould could not establish prejudice under the second *Strickland* factor because he provided no substantial or compelling reasons to justify the departure. 2007 WL 2695827, at *5-6.

Using the *Gould* court's analysis as guidance, we turn to Brown's arguments. Brown asserts that his lack of criminal history and positive work history constituted "substantial and compelling reasons" for a departure under K.S.A. 2009 Supp. 21-4643(d)(1). Nevertheless, Brown has not included his journal entry of judgment or his presentencing investigation report in the record on appeal. Thus, nothing in the record on appeal establishes Brown's lack of criminal history. Because appellants have the burden to support their arguments in the record on appeal, Brown's contention necessarily fails. See *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). Furthermore, Brown's case involved two crimes against his 11-year-old stepdaughter. Accordingly, regardless of Brown's previous lack of criminal history, his current crime involved more than one crime. And his current crimes of conviction were against a person with whom he had a fiduciary relationship.

The mitigating factor of positive work history is neither substantial nor compelling. In turn, Brown's argument that Lane's failure to depart on his behalf, in itself, creates manifest injustice to extend the K.S.A. 60-2017 Supp. 60-1507(f) time limits fails.

Affirmed.