NOT DESIGNATED FOR PUBLICATION

No. 120,858

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT D. BLAUROCK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed December 27, 2019. Affirmed.

*Robert D. Blaurock*, appellant pro se.

*Lois Malin*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and POWELL, JJ.

PER CURIAM: Robert D. Blaurock appeals from the district court's denial of his second motion filed pursuant to K.S.A. 60-1507. Blaurock was convicted of numerous sex offenses in 2005 and 2006, and his convictions and sentences were upheld on direct appeal. In 2010, Blaurock filed his first K.S.A. 60-1507 motion and raised 41 issues justifying him relief. The district court denied them after an evidentiary hearing, and the denial was upheld on appeal. In 2018, Blaurock filed his present 60-1507 motion which was summarily denied by the district court. Blaurock now appeals pro se, claiming the

1

district court erred in denying his motion. For reasons more fully explained below, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Two juries convicted Blaurock of rape, aggravated criminal sodomy, aggravated indecent liberties with a child, and sexual exploitation of a child. Blaurock's charges stemmed from allegations that he had sexually assaulted his long-term girlfriend's minor daughter, C.S., with whom he lived. The evidence presented against Blaurock included witness testimony, including from C.S. herself, DNA evidence, sexually explicit photographs Blaurock took of C.S. that were recovered from his residence, and letters from Blaurock to both his mother and the victim's mother. *State v. Blaurock*, 41 Kan. App. 2d 178, 181, 201 P.3d 728, *rev. denied* 289 Kan. 1280 (2009) (*Blaurock I*).

Blaurock appealed his convictions claiming four points of error: (1) the improper admission of prior crimes evidence; (2) allowing the jury to review an unredacted video; (3) violation of his speedy-trial rights; and (4) cumulative error. Blaurock also claimed a sentencing error. 41 Kan. App. 2d at 180-81. A panel of this court affirmed Blaurock's convictions and sentences. 41 Kan. App. 2d at 181. The Kansas Supreme Court denied subsequent review of Blaurock's appeal.

In January 2010, Blaurock filed a pro se habeas corpus motion under K.S.A. 60-1507 seeking relief. Although the district court appointed James P. Colgan to represent Blaurock, Blaurock nevertheless filed an amended 60-1507 motion raising 41 issues. The district court held an evidentiary hearing on Blaurock's amended motion and denied it. Blaurock timely appealed that denial, and Gerald Wells was appointed to represent Blaurock on the appeal.

2

In his appeal, Blaurock raised two issues: (1) the district court failed to make sufficient factual findings regarding the 41 claims of error he raised and (2) Colgan provided ineffective representation. Another panel of this court affirmed the denial of Blaurock's 60-1507 motion. *Blaurock v. State*, No. 108,591, 2015 WL 1122935, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. 1008 (2015) (*Blaurock II*). The panel held that the district court's findings were sufficient for appellate review and Colgan had provided adequate assistance. 2015 WL 1122935, at *2-6. The panel also held that the issues raised by Blaurock in his pro se supplemental brief were new claims only "tangentially related to those raised in the [60-1507] motion," and the panel refused to address them. 2015 WL 1122935, at *6-7.

On February 8, 2018, Blaurock filed a second 60-1507 motion along with a "Memorandum in Support of Request for an Evidentiary Hearing Upon a Successive K.S.A. 60-1507 with Exceptional Circumstances and Good Cause Shown." The motion, memorandum in support, and exhibits are 257 pages. In the motion, Blaurock raised 11 issues: (1) Colgan was defective for failing to introduce evidence of a *Brady* violation; (2) the district court clerk withheld several volumes of transcripts at the time of his direct appeal and first 60-1507 motion; (3) Colgan was ineffective; (4) W. Frederick Zimmerman was ineffective for failing to explain properly the plea deal to him; (5) he was not afforded his right to a fair and impartial jury; (6) Zimmerman was ineffective at both trials for not locating his alibi witnesses and not hiring an investigator to locate and interview 13 "known, key defense witnesses"; (7) Sheriff's deputies interfered with an official court proceeding by "confiscating all of the movant's legal materials upon his arrival at the jail" because there was "*Brady* Rule Impeachment Evidences" in the materials necessary for the success of his first 60-1507 motion; (8) the district court erred in his first 60-1507 by not making explicit findings as required by Kansas Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 228); (9) the KBI forensic examiner should have tested the clothing worn by Blaurock at the time of the alleged crimes and that testing was "capable of producing a different result and changing the outcome of all court

3

proceedings"; (10) the presiding juror did not sign one of the verdict forms at his first trial, rendering the verdict on his aggravated indecent liberties conviction unreliable and invalid; and (11) the district court gave a clearly erroneous jury instruction related to prior bad acts at his second trial.

The district court issued a written decision denying Blaurock's claims for relief and found Blaurock's 60-1507 motion (1) was untimely with no showing of manifest injustice; (2) was a second or successive motion but made no showing of exceptional circumstances to justify the successive motion; and (3) raised no meritorious issues.

Blaurock timely appeals pro se.

ANALYSIS

On appeal, Blaurock's overarching argument is that the district court erred in summarily denying his 60-1507 motion. He takes issue with four particular rulings and contends the district court erred by: (1) not finding his first 60-1507 counsel, James P. Colgan, ineffective in his representation at the evidentiary hearing; (2) not finding his trial counsel, W. Frederick Zimmerman, ineffective for not explaining his plea deal to him; (3) denying his claim that he was denied a fair and impartial jury; and (4) not finding his direct appeal appellate counsel, Jocilyn B. Oyler, was ineffective.

Blaurock does not brief any of the remaining issues listed in his 60-1507 motion before the district court. As issues not adequately briefed are deemed waived or abandoned, including points raised only incidentally in a brief but not argued there, Blaurock has waived or abandoned any remaining issues he failed to brief. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017).

4

## DID THE DISTRICT COURT ERR IN
## SUMMARILY DENYING BLAUROCK'S 60-1507 MOTION?

A district court has three options when reviewing a motion filed under K.S.A. 2018 Supp. 60-1507:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends on which of these options the district court uses. 300 Kan. at 881. As was the case here, "[w]hen the district court summarily denies a 60-1507 motion, we 'review de novo the motion, records, and files to determine whether they conclusively show that the movant is not entitled to relief.'" *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018).

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence:  (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. K.S.A. 2018 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2019 Kan. S. Ct. R. 228) (burden of proof). To avoid summary denial of a 60-1507 motion, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth

an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881.

However, a 60-1507 motion must be filed within one year from the date the mandate was issued in a movant's direct appeal. K.S.A. 2018 Supp. 60-1507(f)(1). This one-year time limit "may be extended by the court only to prevent a manifest injustice." K.S.A. 2018 Supp. 60-1507(f)(2). When determining whether manifest injustice prevented the motion from being brought within the time limit,

> "the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Moreover, a 60-1507 motion cannot "be used as a substitute for a direct appeal." *State v. Kelly,* 291 Kan. 868, Syl. ¶ 1, 248 P.3d 1281 (2011). "'[W]here an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.' *Neer*, 247 Kan. at 140-41." *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). The essence of the doctrine of res judicata is that issues once finally determined cannot again be litigated. *Jayhawk Equipment Co. v. Mentzer*, 191 Kan. 57, 61, 379 P.2d 342 (1963).

A corollary to this rule is that "a court is not required to entertain successive motions on behalf of the same prisoner." *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013); K.S.A. 2018 Supp. 60-1507(c). "'A [movant] in a 60-1507 motion is presumed to have listed all grounds for relief and a subsequent motion need not be

6

considered in the absence of [a showing of] circumstances justifying the original failure to list a ground.'" 296 Kan. at 904. "Absent a showing of exceptional circumstances, the court can dismiss a second or successive motion as an abuse of remedy." *Kelly*, 291 Kan. at 872. "'Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.'" *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018). Exceptional circumstances may include ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). The movant bears the burden of showing exceptional circumstances. See *Beauclair*, 308 Kan. at 304.

A.      *Prior 60-1507 Counsel's Ineffectiveness*

First, Blaurock argues Colgan was ineffective for failing to introduce evidence of Zimmerman's ineffectiveness concerning a plea offer from the State, the empaneling of the jury, failing to have alibi witnesses testify, and destroying impeachment evidence.

It appears this claim is untimely, successive, and barred by res judicata. The mandate in Blaurock's direct appeal was issued on November 9, 2009, and the mandate from the appeal of his first 60-1507 motion was issued on September 24, 2015, but Blaurock filed his present 60-1507 motion on February 8, 2018, well beyond the one-year time limit contained in K.S.A. 2018 Supp. 60-1507(f)(1). His claim of Colgan's ineffectiveness is also barred by res judicata because Blaurock already raised the issue of Colgan's ineffectiveness in *Blaurock II*. The *Blaurock II* panel elected to consider Blaurock's allegation for the first time on appeal and held Colgan provided adequate assistance and Blaurock did not "offer any argument showing how his attorney's failure caused any real prejudice to him." 2015 WL 1122935, at *5-6. Admittedly, Blaurock did not raise the same allegations of Colgan's ineffectiveness in that appeal as he does now, but neither does Blaurock acknowledge that we previously addressed Colgan's effectiveness and decided the issue adversely to him. He also fails to establish any

7

manifest injustice justifying his delay in bringing this claim or any exceptional circumstances that prevented him from raising this claim during his prior challenge of Colgan's effectiveness. All of Colgan's alleged failures could have been known at the time of Blaurock's first 60-1507 appeal. This claim is untimely and successive.

However, even if we ignored the untimeliness and successiveness of his claim of Colgan's ineffectiveness, it still lacks merit.

Blaurock argues the district court erred in not finding Colgan ineffective at the first 60-1507 evidentiary hearing for (1) not introducing pertinent evidence and (2) for soliciting false testimony.

To prevail on a claim that 60-1507 counsel was ineffective, the movant must prove the same elements that must be proved to establish the ineffectiveness of trial counsel: that "'(1) counsel's performance was deficient, which means counsel made errors so serious that counsel's performance was less than that guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, which requires showing counsel's errors were so serious they deprived the defendant of a fair trial.'" *Mundy v. State*, 307 Kan. 280, 296, 408 P.3d 965 (2018); see *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984). Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. See *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. 298 Kan. at 970. According to the United States Supreme Court, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of

8

lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697. Therefore, a district court may properly deny a 60-1057 motion that fails to show the movant had been prejudiced without assessing the sufficiency of the representation.

In his second 60-1507 motion, Blaurock provided no facts or arguments about what prejudice arose from Colgan's failure to admit the letters at the evidentiary hearing. Further, not 1 of the 41 issues raised in Blaurock's first 60-1507 motion, which he himself prepared, dealt with this plea offer issue. So even if Colgan had admitted the letters into evidence at the first 60-1507 evidentiary hearing, it would have had no effect on the outcome of that 60-1507 motion because Blaurock did not raise a claim in his first 60-1507 motion that Zimmerman was ineffective for failing to communicate with him about plea offers. This unadmitted evidence is not tied to any of the claims in the first 60-1507 motion, and, therefore, Blaurock cannot have been prejudiced by Colgan not introducing the evidence at the hearing. This issue is meritless.

B.    *Trial Counsel's Ineffectiveness*

Second, Blaurock argues Zimmerman was ineffective for failing to explain a plea offer to him.

For reasons we have already explained, this claim is untimely. It also appears to be successive as Blaurock raised the issue of Zimmerman's ineffectiveness for the first time in his first 60-1507 appeal in supplemental briefing. The *Blaurock II* panel refused to address the issue because it had not been included among the numerous issues Blaurock had raised before the district court. In fact, the panel noted while Blaurock briefly referenced a possible plea deal in both his motion and at the evidentiary hearing, "he never alleged that his attorney failed to apprise him of the possible agreement's terms or that such a failure rendered his attorney ineffective." 2015 WL 1122935, at *7.

9

Blaurock's explanation to justify that exceptional circumstances prevented him from bringing this issue in his first 60-1507 is unconvincing: Exceptional circumstances exist, "in which external factors beyond petitioner's controll [*sic*], and at no fault of said petitioner prevented," (i) the appellate defender from raising the newly asserted constitutional claims on direct appeal, (ii) the petitioner from raising the newly asserted constitutional claims in his first 60-1507 motion, (iii) the Court of Appeals from considering these claims on appeal, (iv) the U.S. District Court from redressing these claims, or (v) the 10th Circuit from addressing these claims.

To excuse his failure to timely raise his arguments of Zimmerman's ineffectiveness surrounding a plea offer, Blaurock claims that the district court clerk withheld several volumes of transcripts at the time of his direct appeal and first 60-1507 motion and that sheriff's deputies confiscated all of his legal materials upon his arrival at the jail. Blaurock also claims that he sent his only copies of letters from Zimmerman about the plea agreement to his father's residence in 2005 and was unable to access the documents until after his father's death in July 2010 and his father's estate had been settled. Thus, he was without physical/tangible proof of the plea offer.

We are unpersuaded by Blaurock's arguments. If they had been true bars to asserting Zimmerman's ineffectiveness, Blaurock would not have been able to raise the issue, albeit in a tardy fashion, in his first 60-1507 on appeal. As Blaurock makes no valid assertion of any exceptional circumstances or changes in the law that prohibited him from raising the issue of Zimmerman's ineffectiveness in his first 60-1507 motion, we hold it is successive.

Even if we ignored its successiveness, there is no merit to this claim. Blaurock argues Zimmerman was "constitutionally defective" for failing to explain the terms and conditions of the State's plea offer. The State concedes that a plea offer existed but argues Blaurock cannot show his counsel's performance prejudiced him.

Again, to prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish that defense counsel's performance was deficient under the totality of the circumstances and that there is a reasonable probability the jury would have reached a different result without the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland*, 466 U.S. at 687). "A party asserting that prejudicial error has occurred has the burden of designating a record that affirmatively shows the error." *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015).

Here, without citation to the record on appeal to support his contentions, Blaurock claims an eight-year plea offer was made between July and early August 2005. He claims the prosecutor reminded Zimmerman the offer was "still on the table" at the hearings on September 14, 2005, and November 23, 2005. On November 23, 2005, the prosecutor also told Blaurock the offer was only good until November 25, 2005. Blaurock's first jury trial began on November 28, 2005.

Blaurock does not cite to proof of this plea offer being an eight-year offer nor do the transcripts of these hearings reflect such an assertion. Yet it is evident from the record that the plea offer was communicated to Blaurock. Exhibit A to Blaurock's motion was a letter dated August 22, 2005, from Zimmerman to Blaurock, in which Zimmerman wrote:

> "I have received your letter of [*sic*] sent August 18, 2005. I will try to respond to the questions you asked.

> "As to the offer of the District Attorney, at this time *her offer of a plea has not changed from what I first told you*. In my years of experience, the time, state funds and embarrassment to witnesses is not the primary consideration. The Assistant attorney assigned to the case has received the present plea offer from her superior in the office.

> . . . .

11

"I think I have answered most of the questions that you set out, as far as I can make sense of the questions. Several of your comments are the types of things to think about at a trial and will not cause the District Attorney's office to reconsider the plea offer made so far." (Emphasis added.)

In *Missouri v. Frye*, 566 U.S. 134, 145, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), the United States Supreme Court held that an attorney's failure to communicate a formal plea offer to a criminal defendant falls below an objective standard of reasonableness. To show prejudice when a plea offer has lapsed because of counsel's deficient performance, the defendant must show a reasonable probability that the defendant would have accepted the plea offer, the plea would have been entered, and the result would have been more favorable to the defendant. 566 U.S. at 147.

Here, Blaurock asked Zimmerman questions about this plea deal, meaning Zimmerman communicated the offer to Blaurock. This is not deficient performance, and it is unclear what specifically Blaurock identifies as Zimmerman's failure. Blaurock therefore fails to satisfy the first element of the test of ineffective assistance of counsel. The district court did not err in summarily denying this claim.

C.      *Fair and Impartial Jury*

Third, Blaurock argues the "prosecutor, defense counsel, and trial court, participated in denying the defendant his Sixth Amendment to the United State's [*sic*] Constitution right to a fair and impartial jury consisting of 12 mentally competent, non-memory impaired, non-sexually traumatized jurors, and the trial court improperly denied the defense request to grant a mistrial, then replace the entire jury pool."

"Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised in a K.S.A. 60-1507 motion even though the error

12

could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal." *Trotter v. State*, 288 Kan. 112, Syl. ¶ 8, 200 P.3d 1236 (2009). Again, as we have already explained, this claim appears to be untimely as it was filed well beyond the one-year time limit. This claim also appears to be successive as Blaurock raised it for the first time on appeal in his supplemental brief in *Blaurock II*.

To excuse the untimeliness and successiveness of this claim, Blaurock asserts that the voir dire transcript was not transcribed until June 2014 and that he did not know of the transcript's existence until after the first 60-1507 evidentiary hearing. But the record on appeal contradicts Blaurock's claim. Both voir dire transcripts were produced well before Blaurock filed his first 60-1507 motion. The transcript from the voir dire in his first trial was prepared and certified on November 26, 2007, and the transcript from the voir dire in his second trial was prepared and certified on November 14, 2007. Blaurock's assertions are plainly unsupported by the record on appeal. As a result, he cannot show the manifest injustice or the exceptional circumstances necessary to justify his untimely and successive assertion of this claim.

Like his other claims, even if properly before us, it lacks merit. Blaurock alleges that the district court erred in denying his claim he was denied a fair and impartial jury. Specifically, he argues that one juror was not impartial because he was molested as a child and another was memory impaired. He does not enumerate which jurors he is specifically complaining of, but, based on the quoted portions of the transcript in his motion, he appears to be arguing the jury in his second trial was not impartial.

The Sixth and Fourteenth Amendments to the United States Constitution and § 10 of the Kansas Bill of Rights guarantee an accused the right to a fair and impartial jury. See *State v. Carr*, 300 Kan. 1, 56, 331 P.3d 544 (2014), *rev'd and remanded on other grounds* 577 U.S. ___, 135 S. Ct. 633, 193 L. Ed. 2d 535 (2016). "The 'purpose of voir dire is to enable the parties to select jurors who are competent and without bias,

13

prejudice, or partiality.'" *State v. Woods*, 301 Kan. 852, 870, 348 P.3d 583 (2015) (quoting *State v. Reyna*, 290 Kan. 666, 686, 234 P.3d 761 [2010]). Generally, the nature and scope of the voir dire examination is left to the sound discretion of the trial court. However, in deciding "'whether the trial court has taken sufficient measures'" to ensure that the case is tried "'by an impartial jury free from outside influences,'" we have a "'duty to make an independent evaluation of the circumstances.'" 301 Kan. at 870.

Blaurock argued that the following is proof that his jury was not impartial:

"[JUROR 24]:  When I was about five or six years old I was molested by a stranger across the street from my parents' house at Muncie Elementary School.

"[THE STATE]:  Do you think anything about what happened to you would sway your decision-making if you were selected for this case?

"[JUROR 24]:  It possibly could because I still have—we went to court over it. We went to court over it and everything. I don't even remember what happened in the court it was so long ago, but I still have—I still have dreams about it once in a while."

Blaurock immediately follows this quote with a statement by Zimmerman that "that answer by the juror may have completely tainted this jury pool." Yet there are three problems with Blaurock's assertion. First, Zimmerman's statement appears in the transcript 35 pages before the questioning of Juror 24. Second, Juror 24's statements were made at the bench, and the jury pool did not hear them. Third, Blaurock does not include the extremely relevant portion of the transcript immediately following the portion he quotes:

"THE COURT:  Do you think you'd be able to separate this case out from that and decide it on the evidence and the law or do you think that would be an overriding concern that would keep you from being fair and impartial?

14

"[JUROR 24]: I don't think it would keep me from being fair and impartial.

"THE COURT: All right. Mr. Zimmerman, any questions?

"MR. ZIMMERMAN: I guess my only question would be is if after listening to all the evidence if you had a reasonable doubt, would you have any inclination to try to vote for a conviction just to get even for your past problems?

"[JUROR 24]: No. No."

Given this, Blaurock fails to show that Juror 24 was unable to "lay aside his [or her] opinion and render a verdict based on the evidence presented in court." See *Patton v. Yount*, 467 U.S. 1025, 1037 n.12, 104 S. Ct. 2885, 81 L. Ed. 2d 847 (1984). Blaurock does not successfully show how Juror 24 was partial given the juror's assurances otherwise to the district court.

Blaurock also asserted that another member of the jury was memory impaired, but he does not cite to the record in support of this conclusory statement. These are not adequate assertions to show his Sixth Amendment right to a fair and impartial jury was violated.

D.      *Ineffectiveness of Appellate Counsel*

Finally, Blaurock argues Oyler was ineffective. He argues that this issue is properly raised for the first time on appeal. The State responds that Blaurock does not identify a new claim that he wishes to raise and, even if he did, he did not address this being a successive claim on ineffective appellate counsel.

The State is correct. A review of Blaurock's brief does not reveal what new issue he is seeking to raise for the first time on appeal. In his current 60-1507 motion, Blaurock

15

claimed both trial and 60-1507 counsel were ineffective, and he accused many others of violating his rights, including a court reporter, the assistant district attorney, a district court judge, Wyandotte County deputies, a KBI forensic specialist, and the presiding juror at his first jury trial. However, he never raised a claim that Oyler was ineffective.

Issues not raised before the trial court cannot be raised on appeal. See *Kelly*, 298 Kan. at 971; *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011).

> "'[T]here are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision.' [Citation omitted.]" *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008), *cert. denied* 555 U.S. 1178 (2009).

Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) requires an appellant to explain why an issue not raised below should be considered for the first time on appeal. In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Supreme Court held that litigants who ignore this rule risk a ruling that the issue is improperly briefed, and the issue will be considered waived or abandoned. The Supreme Court later held that Rule 6.02(a)(5) would be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

Here, Blaurock simply states: "Petitioner affirminativly [*sic*] invokes and argues exception to the rule that this constitutional issue may be raised for the first time on appeal." While legal citations follow this statement, Blaurock does not signify what exception applies to him. This blanket assertion of an exception is insufficient. See

16

Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 35) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court.").

Even if the statement were sufficient, Blaurock fails to explain what exceptional circumstances exist to justify our consideration of this issue despite its successiveness. In his first 60-1507 motion he raised the issue that Oyler was ineffective and listed 38 different trial issues that Oyler failed to raise. The district court denied this claim in its entirety at the end of the evidentiary hearing, finding that Oyler was not ineffective. Specifically, the district court held:

> "In terms of appellate counsel, as I say, I don't—I don't know what else they could have raised beyond what they did that would have been successful. They certainly could have raised some other issues. But in terms of something that had a reasonable likelihood of winning, I don't find anything here, based upon the petition, and I—you know, frankly, there's a lot set out here. I can't imagine any issues or arguable issues at trial that were not set out in this petition somewhere. I don't find anything in there that creates an appellate argument that would have been successful on trial."

The *Blaurock II* panel upheld the district court's denial of this issue. 2015 WL 1122935, at *1-7. Blaurock's claim that Oyler was ineffective lacks merit.

In conclusion, Blaurock's second 60-1507 motion, in addition to being both untimely and successive, lacks merit. The district court did not err in summarily denying the motion.

Affirmed.

17